### ALEX SHAW v. THE STATE.

No. 84.    Decided December 15, 1909.

**Local Option—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where, upon trial for a violation of the local option law, all the eyewitnesses except the defendant testified to the transaction, and the State's counsel in his argument remarked that he wished the defendant would produce some witnesses to show that it was not whisky or brandy (the question being whether the liquor was an intoxicant), this was an allusion to the defendant's failure to testify, and reversible error.

Appeal from the County Court of Montague. Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Albert S. Phelps,* for appellant.—On question of argument of coun-

sel: Washington v. State, 77 S. W. Rep., 810; Brasell v. State, 33 Texas Crim. Rep., 333.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law under the following state of case: The alleged purchaser, Gee, testified that on the 25th of December, 1908, he bought something from Alex Shaw at Sunset in Montague County and paid him $1.25 for it. This was in a bottle. He says he met defendant on the street and asked him if he had any whisky. Appellant replied he did. Witness gave appellant $1.25, he went away and came back in a little while and gave witness a quart of something. It did not taste like whisky or brandy and he could not say that it made him drunk as he was already "pretty well loaded." It tasted sweet; witness says he drank about half of the contents of the bottle and Tom Hip drank some of it. Here the county attorney announced that he was through with the witness, and appellant's counsel said he desired to ask no questions of the witness. The county attorney then took the witness off and talked to him a while and brought him back and asked him if he had not told W. G. Bralley that it was whisky, to which he answered he had. The county attorney then asked witness to say whether or not the stuff he bought from defendant was whisky, brandy or what and the witness answered, "It was whisky or brandy, one." Tom Hip testified he drank something out of a bottle that Gee had on the 25th of December, 1908; witness could not tell what it looked like; did not taste like whisky, tasted sweet. This witness drank a good deal of it and it did not make him drunk. He says he did not think it intoxicating, though he did not know what effect it would have if enough of it should be drunk. This is the case.

A bill of exceptions recites that while the county attorney was making his closing argument for the State, he used the following language: "With the town full of witnesses the defendant produced no witnesses to show that he did not sell the whisky to John Gee." Exception was reserved to this remark as well as the following remark of the county attorney: "I wish the defendant would produce some witnesses to show that it was not whisky or brandy." The objection urged to these statements of the county attorney was that it was a reference to appellant's failure to testify in the case. We are of opinion that the exception is well taken. There were only two witnesses besides appellant, who, under the facts, were placed in relation to the case so that they could have known anything about it. Both of these witnesses, Hip and Gee, testified in the case, appellant being the only other witness to the transaction, so far as the record is concerned. There were no witnesses that he could call

that were not called, who could testify in regard to the matter except appellant. An indirect allusion to the failure of a defendant to testify can be as damaging and practically as certain as if the allusion had been direct and pointed. The testimony introduced on the trial only connects the three parties with the transaction, defendant, Gee and Hip. Hip and Gee testified and appellant did not. Under these circumstances we are of opinion this was an allusion to the failure of defendant to testify and it could have had no other reasonable effect.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*