### F. F LORES v. T HE S TATE.

#### No. 727.   Decided June 22, 1910.

**1.—Miscegenation—Prohibited Intermarriage—Negro Race—Continuance.**

Where, upon appeal it appeared from the record that the case must be reversed upon other matters, a refusal of the court to grant a continuance will not be discussed.

**2.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where, upon appeal of a trial for prohibited intermarriage, it appeared from the record that the State's counsel in his argument stated that no one had taken the stand to deny the inculpatory statement made by the defendant to two of the State's witnesses, and defendant was the only person who could have taken the stand and denied it, the same was an allusion to defendant's failure to testify and reversible error.

**3.—Same—Charge of Court—Burden of Proof.**

Where, upon trial for miscegenation, the testimony was very indefinite and unsatisfactory as to whether the woman alleged to be married to the defendant had a sufficient amount of negro blood in her veins to come within the inhibited degree, and the court simply charged that if the jury should find that the woman was a negro within the terms of the statute, to convict, it was reversible error not to have submitted a special charge that the burden of proof was on the State.

Appeal from the District Court of Angelina. Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of unlawfully marrying a negro woman within a prohibited degree; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. J. Townsend, Jr.,* for appellant.—On question of allusion to defendant's failure to testify: Baughman v. State, 49 Texas Crim. Rep., 33; Martinez v. State, 48 Texas Crim. Rep., 33; Wallace v. State, 46 Texas Crim. Rep., 341; Vaden v. State, 52 Texas Crim. Rep., 299.

On question of court's failure to charge on burden of proof: Black v. State, 1 Texas Crim. App., 368; Chapman v. State, 1 Texas Crim. App., 728; Schafer v. State, 7 Texas Crim. App., 239; Slade v. State, 29 Texas Crim. App., 381; Horn v. State, 30 Texas Crim. App., 541.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, P RESIDING J UDGE.—Appellant was convicted for unlawfully marrying a negro woman, under article 346 of the Penal Code, which prohibits intermarriage of whites with the negro race. The statute includes all persons as negroes who are as such within the third degree. Appellant was given two years in the penitentiary.

The evidence shows that appellant was a Mexican, or of Spanish extraction. There is no evidence in the record that he had any negro

blood in his veins, and his testimony, as far as it goes, excludes the idea that such was the case. The testimony of the woman appellant married, Ellen Dukes, goes to show that she had negro blood in her veins, but within what degree is not shown. She is variously described by the witnesses, and some of them go sufficiently far to say that she looks like a negro. These witnesses state that her physical makeup, and especially the fact that her face and hair, indicate that she was a negro. She testified that she was born and raised in San Antonio and was 31 years of age; that her mother's name was Refugio Gonzales; that her father's name was Garmo Dukes; that her mother was Mexican while her father had some negro blood, but she did not know how much negro blood or how much Mexican blood; but that he did have some negro blood in him; that her father's color was very bright, a great deal brighter in color than herself; that his hair was not kinky or nappy like the ordinary negro—not as much so as was her hair—that it was straighter. Those witnesses who testified to the fact that the woman appellant married was of negro extraction were not aware of how near she was to purity of negro blood; they did not know whether she was within the specified degrees mentioned in article 347 of the Penal Code or not. This may be a sufficient statement of the case to review the questions.

1. With reference to the application for continuance it is sufficient to say, as the case will be reversed upon other matters, that a refusal of the court to grant the continuance will not be discussed. The witness may be obtained, and doubtless will be upon another trial, as he was only temporarily absent from the county. Suffice it to say that the testimony, if true, was of a material character.

2. In the closing argument the district attorney used the following language: "That Derrick and Cordoway, witnesses for the State, both testified that they talked to the defendant in his own language (Spanish) at the courthouse in Nacogdoches, and that the defendant told them that he was a Mexican, and had no negro blood in him, and that no one had taken the stand to deny this." Exception was reserved to this at the time, because it was a direct reference to appellant's failure to testify as a witness in his own behalf; that no one could have made such denial of these facts but the defendant himself, inasmuch as the conversation occurred between Cordoway, Derrick and the defendant, nobody else being present. Cordoway and Derrick both testified as to the conversation and stated it was in Spanish, and it was shown that appellant did not understand the English language and could only speak Spanish or the Mexican language. We are of opinion that appellant's contention is correct and it was a reference to the failure of the defendant to testify. These two witnesses, Cordoway and Derrick, testified to the conversation and nobody had denied it. Defendant was the only person who could have taken the stand and denied it, and he did not see proper

to do so. The statute prohibits a reference, or allusion to the failure of defendant to testify in his own behalf.

3. Appellant asked a special charge, which we are of opinion ought to have been given. The substance of this charge was that the burden of proof was on the State, and did not shift to the accused, to show that he had violated the law in marrying the woman. The testimony is very indefinite and is more than unsatisfactory as to whether the woman had a sufficient amount of negro blood in her veins to come within the inhibited degree. It is true the court charged the jury that if they should find that the woman was a negro within the terms of the statute, appellant would be guilty of violating the statute. The requested charge pertinently and directly put the issue to the jury and instructed them, had the charge been given, that the State must prove the fact that the woman was within the legal inhibition, and that the burden was upon the State to prove that fact. In view of the fact that no witness testified to the quantum of negro blood—how much negro blood was in her veins—we are of opinion this charge should have been given. In order to convict, under this statute, the State must show that one of the parties had sufficient negro blood to prohibit the marriage. If this is not done the State has no case. If there is a reasonable doubt about it the accused is entitled to a verdict of not guilty. As before stated, every witness, when asked pertinently with reference to the degree of the blood of the negro woman who married the defendant, answered they did not know. Under the circumstances and facts of this case we are of opinion the requested charge should have been given. We would not be understood, however, as holding that the court is in every case required to give a charge that the burden of proof is on the State, but ordinarily where the doctrine of reasonable doubt and presumption of innocence is applied, that this would be sufficient. But as before stated, we are of opinion that in this case it was error to refuse the requested instruction.

For the error indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, absent.