### FRED DEARY v. THE STATE.

No. 1201.    Decided May 17, 1911.

**1.—Fornication—Remarks by Judge.**

Where the judge during the trial left the bench and went around to the witness and addressed a question to the witness which indicated to the jury the judge's conclusion or belief about the testimony, the same was reversible error.

**2.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where the State's counsel alluded to the defendant's failure to testify, and was corrected by the court, and then stated to the jury that defendant had placed no witnesses on the stand, the same was reversible error.

**3.—Same—Charge of Court—Accomplice Testimony.**

Where the court failed to charge the jury that they must believe the testimony of an accomplice to be true, etc., when defendant had submitted proper instructions which were refused, the case being a misdemeanor, the same was reversible error.

Appeal from the County Court of Rains. Tried below before the Hon. O. H. Rodes.

Appeal from a conviction of fornication; penalty, a fine of $50.

The opinion states the case.

*D. M. Rodes* and *H. W. Hunt,* for appellant.—On the question of the court's remarks to the jury: Jordan v. State, 29 Texas Crim. App., 595; Hunt v. State, 28 Texas Crim. App., 149.

On question of argument of counsel in alluding to defendant's failure to testify: Shaw v. State, 57 Texas Crim. Rep., 474, 123 S. W. Rep., 691.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for fornication. 1. The second bill of exceptions recites that while Ann White, who had qualified as an expert midwife, was testifying in behalf of the appellant, the court left the bench, walked around by said witness, and remarked to her: "Do you mean to tell this jury that when this baby was born you could tell whether it was this defendant's child or not?" to which the witness answered, "Yes." The court then remarked, "That is all I want to know," and went back to the bench. This bill is approved by the trial judge without qualification. This is clearly violative of the statute. The court is not permitted to indicate to the jury his conclusion or belief about the testimony or to comment upon its weight. It seems from results it was about all the jury wanted to know.

2. Another bill recites that while the county attorney was discussing the case to the jury he used the following remarks: "Wm. Trimble, father of Willie Trimble, testified that the defendant, Fred Deary, came to his house and nursed Willie's baby and called himself papa to it; that the defendant is the only man that could deny it and he has not done so." Exception was properly reserved. The court then told the county attorney that his argument was improper and should not be made, and instructed the jury not to consider the remarks for any purpose. The county attorney then said, "Gentlemen of the jury, the defendant has put no witness on the stand to deny the testimony of Wm. Trimble." Proper exception was reserved to these matters. This was clearly an allusion to the failure of the defendant to testify. The record shows that he did not take the witness stand in his own behalf.

3. Appellant requested the court to instruct the jury that although they might believe the testimony of the witness, Willie Trimble, that the defendant is guilty, they will find him not guilty unless there is other evidence of habitual acts of carnal intercourse between the defendant and Willie Trimble corroborating said Willie Trimble. Another charge was asked in which the jury were instructed that they must not only believe the testimony of Willie Trimble, but they must find also that her testimony had been corroborated by other evidence tending to show the commission of the offense and the connection of appellant with it. These charges were refused, and exceptions were properly taken. The court's charge in regard to accomplice testimony is as follows:

"You are instructed that a conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense."

The remainder of the charge in regard to this phase of the case is a definition of the term as to who should be regarded as an accom-

plice when used as a witness. It has long been the settled rule of law that the jury must find the evidence of the accomplice *true* as well as that such accomplice is corroborated. The court did not embody this idea in his charge. It was embodied in the requested instructions. It being a part of the law of accomplice testimony, and appellant having availed himself of it as authorized by law, the question is properly presented. The requested instructions should have been given. Willie Trimble was the alleged paramour, and having testified for the State, was necessarily an accomplice. This being true, under the facts, and the court having failed to charge this phase of the law, and appellant having properly presented it, the court was in error in refusing it.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*