### JIM MINTER V. THE STATE.

No. 1818. Decided October 30, 1912.

**1.—Unlawfully Selling Intoxicating Liquors—Indictment—Words and Phrases.**

Where the indictment charged the defendant with retaining liquors without license instead of retailing liquors without license, the same was insufficient.

**2.—Same—Argument of Counsel—Burden of Proof—Failure of Defendant to Testify.**

Where State's counsel remarked in his argument: "Who knows better than the defendant whether or not he sold beer to that man," the same was an allusion to defendant's failure to testify.

**3.—Same—Ownership—General Reputation.**

Where, upon trial of selling intoxicating liquors, there was not sufficient evidence to show ownership as alleged, the conviction was not sustained. Ownership can not be proven by general reputation.

Appeal from the County Court of Dallas County at law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of unlawfully selling intoxicating liquors without license; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Lively, Nelms & Adams,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged by indictment with all sorts of violations of the liquor laws.

There are several counts in the indictment, the first alone was submitted to the jury. In this count it is charged that appellant did unlawfully, directly and indirectly, keep and was concerned in keeping a certain house as a house where spirituous, vinous and malt liquors were sold and kept for sale, in quantities of one gallon and less than one gallon without having first obtained a license under the laws of the State of Texas to *retain* such liquors. Motion to quash and motion in arrest of judgment were made and overruled. The principal point of attack was that it charged no offense against the law, there being no prohibition for parties to "retain" liquors. We would suggest that the prosecuting officers take sufficient time in writing their indictments to charge the offense as required by the statute in plain and intelligible words. "Retain" is a well known word in the English language and has an entirely different meaning from what we suppose the pleader intended to state, to wit: "retail." It is no violation of the laws of Texas to "retain" liquors in any quantities. If this case should be tried again it would be well enough for the prosecuting attorney to charge the appellant by information, or have him reindicted, with having failed to obtain his license to "retail" and not "retain" such liquor.

There are several other questions suggested for revision, one of which we notice particularly. During the argument of the prosecuting attorney he used the following language: "Now then, the burden of proof is on the defendant, first to show that he has a license, and the court will charge you that the burden is upon this defendant, and

when we once prove that he has made as many as two sales or kept it in his house for sale, he must come in and show his reasons for it. Who knows better than Jim Minter, the members of that club; who knows better than Jim Minter whether or not he sold beer to that man?" The objection to this argument is that it was a direct reference to the failure of defendant to testify and it is recited as a fact that he did not testify in the case. We are of opinion that this bill of exceptions is well taken. It was a reference to the failure of the defendant to testify and inasmuch as he did not take the stand in his own behalf the language was violative of the statute.

Another ground may be noticed—that is, that the evidence is not sufficient to support the conviction. The witness Rose testified that he joined the club and was a member of it something like nine months; that he was charged a dollar initiation fee which he had not paid but supposed it was charged up against him on the books; that he was also charged ten cents a week dues as a sick benefit. This it seems he had not paid. He said he went to this place "not as often as once a week." That when he would go there he would buy a glass or two of beer and play pitch; that on one or two occasions the defendant waited on him, served him with four ounce glasses of beer for which he paid him five cents a glass; that others waited on him and he saw these parties around the place. He mentioned the names of others, but we deem it unnecessary to go into a detailed statement of those matters. The general reputation of the house was also shown by the sheriff of Dallas County and the chief of police of Dallas City, as being a place where intoxicating liquors were sold. There is no evidence in the record as to the ownership, otherwise than the fact that the defendant Minter was there about the place and some time in the past had run a saloon at the place. The sheriff and chief of police, one or both, testified to the general reputation of ownership, but while the record is not clear we are led to believe that the court excluded that, as he ought to have done, from the consideration of the jury. But in any event, ownership can not be proved by general reputation. In the attitude of the testimony, we are of the opinion it is not sufficient to support this conviction as this record presents it. The judgment is reversed and the cause remanded.

*Reversed and remanded.*