## A. S. LOCKHEAD v. THE STATE.

### No. 5414.    Decided June 18, 1919.

#### 1.—Receiving and Concealing Stolen Property—Charge of Court—Accomplice.

Where, upon trial of receiving and concealing stolen property, the court gave a defective charge on accomplice testimony, but the defendant requested a proper charge thereon, the error was not available, except as to the court's failure to charge that an accomplice cannot corroborate the testimony of another accomplice.    Following Roberts v. State, 44 Texas Crim. Rep., 267, and other cases.

#### 2.—Same—Value of Property—Charge of Court.

Where defendant was charged with receiving and concealing stolen property of the alleged value of fifty-one dollars, and there was evidence tending to show that its aggregate value was much less than that sum, and also that the different articles of the alleged property were received and concealed at different times, a proper charge on this phase of this case, reducing the offenses to a misdemeanor, should have been submitted.

#### 3.—Same—Other Offenses—Rule Stated—Other Transactions.

In prosecution for receiving stolen goods, guilty knowledge is the gist or substance of the offense, and evidence of collateral offenses is admissible to establish such knowledge, and where the theory of innocent possession is made, there was no error in introducing evidence showing that defendant had in his possession other stolen property.

#### 4.—Same—Charge of Court—Limiting Testimony—Rule Stated.

Upon trial of receiving and concealing stolen property, the court's charge in limiting the evidence of other offenses should not have infringed upon the rule against charging on the weight of the evidence.

#### 5.—Same—Argument of Counsel—Practice on Appeal.

Complaint to the argument of counsel need not be considered, where the judgment is reversed and the cause is remanded upon other grounds.

Appeal from the District Court of Kaufmann.    Tried below before the Hon. Joel R. Bond.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bond & Bond* for appellant.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant was charged with receiving and concealing stolen property from Allen Brittian.

The property was described in the indictment as four shotguns, and a case containing five hundred shells. Each of the shotguns was valued at nine dollars and the shells at a total value of fifteen dollars.

The testimony of Brittian and one Raymond Monday was used by the State. Both of these witnesses testified to their participation in the theft of the property and its subsequent delivery to the appellant. Exception was reserved to the court's charge on accomplice testimony. The charge was defective in that it authorizes a conviction thereon if it was believed by the jury to be true and was corroborated by other testimony tending to connect the appellant with the offense. It should also have instruced the jury that it was necessary that the accomplice testimony in connection with the other evidence should show the guilt of appellant beyond a reasonable doubt. See Standfield v. State, 208 S. W. Rep., 537 and cases therein referred to. The error is not available, however, for the reason that the court at the appellant's request, gave a charge upon the subject which corrected the defect. The court, however, should have complied with the appellant's request to instruct the jury that one of the accomplices could not, by his testimony, corroborate the other. Roberts State, 62 Texas Crim. Rep., 352., Scott v. State, 72 Texas Crim. Rep., 464.

The evidence disclosed that the appellant received the propert described in the indictment. It was also shown that it was not all delivered to the appellant at one time, but that Brittian and Monday, after stealing the property, hid it under a church and that there was first delivered to appellant five boxes of shells for which he paid $2.50; that he next received fifteen boxes of shells and two shotguns and on their receipt paid $16; and later received two shotguns at which time he paid $8. It was the theory of the State that prior to the theft the appellant had agreed to purchase any property that the accomplices might steal, and upon this theory the State insists that while the goods were delivered in parcels, that the aggregate value controls the grade of the offense. On this phase of the case, the theory of appellant is that each delivery constituted a separate sale and transaction and that upon the value of the property delivered in each instance would depend the grade of the offense. There was evidence supporting appellant's theory. In fact, his evidence presented the theory of innocent purchase while that of the State presented the theory of guilty knowledge. In the State's testimony, while it was contended that the appellant had agreed with the thieves that he would buy their loot, it was not contended that a price was agreed upon, but it was undisputed that the sales were not completed until negotiations were made in which the price was agreed upon. The appellant requested special charges presenting his theory that if the transaction constituted separate sales, that his offense, if guilty, would be that of a misdemeanor, it being conceded that it required the entire property to exceed the value of fifty dollars. There was error in refusing to submit this theory. The State insists, however, that this was harmless for the reason that there was a general verdict which includes the offense of concealing

the property and that that verdict should be applied to the aggregate value and not to each separate transaction. This is based upon evidence to the effect that after receiving the property the appellant denied his possession. The court did not submit the theory of misdeameanor at all. This was involved both with reference to receiving and concealing. The total value of the property, as alleged in the indictment, is but $51. There was evidence tending to show that its aggregate value was much less than that sum, in which event under any phase of the case, a conviction of a misdemeanor only would have been authorized. If further appeared that one of the shotguns had been sold by the appellant and if he received the property in innocence of the theft and subsequently concealed it after learning of the theft, the offense of concealment would have related only to such property as he had in his possession at the time he learned that it was stolen, and this would have eliminated the value of the shotgun that he had sold, provided that at the time he sold it he was not aware that it was stolen. That he had such knowledge before it was sold was an issue of fact upon which the burden was upon the State. The grade of the offense of receiving all of the property in one transaction was for the jury upon the conflicting evidence as to the aggregate value. Whether it was one transaction or several was likewise a matter for their solution, as was also the value of the property in his possession at the time he concealed it, if he did so, knowing it to be stolen. There was error in refusing to submit these matters to the jury.

There was evidence that appellant on another occasion, about the same time of the alleged offense, had received from Brittian a stolen kodak which was found in the trunk of the appellant and the possssion of which he denied. From Brittian's testimony it appeared that this kodak was delivered in pursuance of the general agreement with the appellant that he would purchase stolen property from Brittian. In view of the fact that the evidence introduced by the appellant affirmatively presented the theory of innocent possession of the property described in the indictment, which was found in his possession, we think there was no error in receiving evidence touching his possession of the stolen kodak with knowledge of his unlawful act. It is said by Mr. Wharton, in his work on Evidence, vol. 1, sec. 35: "In prosecutions for receiving stolen goods guilty knowledge is the gist or substance of the offense to be established by the prosecution. Evidence of collateral offences is admissible to establish such knowledge." See also sec. 36, p. 140. We think the facts disclosed bring the evidence mentioned within one of the exceptions to the rule excluding evidence of collateral offences. See Morgan v. State, 31 Texas Crim. App., 1: also 62 L. R. A. p. 273, note.

The evidence touching other stolen property which did not come to the possession of the appellant, we think was irrelevant. In limiting the evidence of extraneous transactions the charge of the court

infringed the rule against charging on the weight of the evidence. On another trial, if the evidence relating to the kodak is received it should be limited to the purpose of establishing intent or guilty knowledge in an instruction so framed as to properly guard the rights of appellant.

The remarks of counsel complained of will not occur upon another trial and we deem a discussion of them and the other questions raised unnecessary.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*