## · U. S. Petit v. The State.

### No. 6510.   Decided November 30, 1921.

**Intoxicating Liquor—Unlawful Possession—Repeal of Statute—Sale.**

Where an examination of the amended section of the so-called Dean Liquor Law makes it plain that at present the possession of intoxicating liquor is not unlawful under the terms of said Act, except it be so possessed for the purpose of sale, the judgment below must be reversed and the cause dismissed.

Appeal from the District Court of Angelina. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of unlawfully possessing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Denman & Collins,* for appellant.—Cited: Weeks v. U. S., 232 U. S., 383; Boyd v. U. S., 116 U. S., 616; Amos v. U. S., U. S. Advanced Sheets, Page 316; 1920-21.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited: Roberts v. State, recently decided.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Angelina County of unlawfully possessing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Since the conviction of this appellant, what is known as the Dean Law was amended at a Special Session of the Thirty-seventh Legislature. Prior to said amendment, Section 1 of said Dean Law read as follows:

"That it shall be unlawful for any person, directly or indirectly, to manufacture, sell, barter, exchange, transport, export, receive, deliver, solicit, take orders for, furnish or possess, spirituous, vinous or malt liquors or medicated bitters capabl. of producing intoxication, or any other intoxicant whatever, or any equipment for making such liquors, except for medicinal, mechanical, scientific or sacramental purposes."

By said amendment said section was made to read as follows:

"That it shall be unlawful for any person, directly or indirectly, to manufacture, sell, barter, exchange, transport, export, deliver, take orders for, solicit, or furnish spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, or any other intoxicant whatever, or any equipment for making any such liquors, or to possess or receive for the purpose of sale any such liquors herein prohibited."

An examination of the amended section, *supra,* makes it plain that at present the possession of intoxicating liquor is not unlawful under the terms of said act, except it be so possessed "for the purpose of sale." In other words, the gist of the offense now is the purpose for which such possession is had. There can be no question but that an indictment for the offense as now defined, must charge that such pos- session "was for the purpose of sale," and that the question of the purpose of such possession must be submitted to the jury in the charge of·the court. By reason of said amendment the law under which this prosecution was had must be held to have been repealed. Cox v. State, No. 6423, 256, decided at this term. For the reasons therein given this cause must be reversed and the prosecution ordered dismissed.

*Reversed and Dismissed.*