amendment of the First Called Session of the Thirty-Seventh Legislature (Acts 1921, c. 61), was so changed as to amount to a repeal of the former law.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

C. S. Lee was convicted of possessing intoxicating liquor, and he appeals. Reversed, and cause ordered dismissed.

T. H. Briggs, of Gilmer, and Simpson, Lasseter & Simpson, of Tyler, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Upshur county of possessing intoxicating liquor, under what is known as the Dean Law (Acts 36th Leg. [2d Called Sess.] c. 78), and his punishment fixed at confinement in the penitentiary for a period of one year.

[1] There were two counts in the indictment. One charged the unlawful sale of intoxicating liquor, and the other the unlawful possession of such liquor. By the charge of the court the jury's consideration was limited to a finding upon the offense charged in the second count of said indictment. This was tantamount to an acquittal of the offense charged in the first count. Betts v. State, 60 Tex. Cr. R. 631, 133 S. W. 251; Hewitt v. State, 74 Tex. Cr. R. 46, 167 S. W. 40.

[2] The offense of possessing intoxicating liquor, as defined by the Dean Law prior to the amendment of the recent called session of the Thirty-Seventh Legislature (Acts 37th Leg. [1st Called Sess.] c. 61), was so changed as to amount to a repeal of the former law. Cox v. State (No. 6423) 234 S. W. 531, and Petit v. State (No. 6510) 235 S. W. 579, decided at the present term and not yet [officially] reported. This necessitates the reversal and dismissal of this cause.

For the reasons stated, the judgment is reversed and the cause ordered dismissed.

---

LEE v. STATE. (No. 6494.)

(Court of Criminal Appeals of Texas. Dec. 21, 1921.)

Intoxicating liquors ⟜132 — Law punishing possession held repealed.

The law punishing the offense of possessing intoxicating liquor was so amended by the First Called Session of the Thirty-Seventh Legislature (Laws 1921, c. 61), as to amount to a repeal of the statute.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Charlie Lee was convicted of possessing intoxicating liquor, and he appeals. Reversed, and cause ordered dismissed.

Butler, Price & Maynor, of Tyler, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Smith county of the offense of possessing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The law defining and punishing this offense was so amended by the recent Special Session of the Thirty-Seventh Legislature (chapter 61) as to amount to a repeal of the statute, and for this reason this cause must be reversed and the prosecution ordered dismissed. Cox v. State (No. 6423) 234 S. W. 531; Petit v. State (No. 6510) 235 S. W. 579, decided at the present term and not yet [officially] reported.

---

DAVIS v. STATE. (No. 6487.)

(Court of Criminal Appeals of Texas. Dec. 14, 1921.)

Intoxicating liquors ⟜139—Possession unlawful only when for purpose of sale.

Under the late amendment to the Dean Law, the mere possession of intoxicating liquor is not an offense unless possessed for the purpose of sale.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Isaiah Davis was convicted of possessing intoxicating liquor, and appeals. Reversed, and prosecution ordered dismissed.

Florence, Florence & McClelland, of Gilmer, J. P. McClelland, of Marshall, and B. F. Crosby, of Greenville, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction was for possession of intoxicating liquor, with the penalty assessed at one year in the penitentiary.

This court has recently held that, under the late amendment to what is known as the Dean Law (Acts 37th Leg. [1 St. Called Sess.] c. 61), the mere possession of intoxicating liquor is not an offense, unless it is alleged and proved that same was possessed for the purpose of sale. No. 6423, Cox v. State, 234 S. W. 531; No. 6510, Petit v. State, 235 S. W. 579; No. 6493, Francis v. State, 235 S. W. 580 (all decided at this term of court, but not yet [officially] reported).

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Under the foregoing authorities, it becomes necessary to reverse the judgment of the trial court, and order the prosecution dismissed, which is accordingly done.