## ELIAS WILLIAMS v. THE STATE.

### No. 6570. Decided December 21, 1921.

**Intoxicating Liquors—Possession—Repeal of Law.**

By amendment of the prohibition law, Second Called Session of the Thirty-seventh Legislature, it is not now an offense to possess intoxicating liquor unless the same is had for the purpose of sale, and it is necessary to allege and to prove that it was so possessed for the purpose of sale before an offense is charged or a conviction can be had. Following Cox v. State, 90 Texas Crim. Rep. 256, recently decided.

Appeal from the District Court of Smith. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of the unlawful possessing of intoxicating liquors; penalty, one and one-half years imprisonment in the penitentiary.

The opinion states the case.

*Butler, Price & Maynor,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for possession of intoxicating liquor. Penalty assessed at one and one-half years in the penitentiary.

By amendment of the prohibition law passed by the Second Called Session of the Thirty-seventh Legislature, it is not now an offense to possess intoxicating liquor, unless the same is had for the purpose of sale, and it is necessary to allege and to prove that it was so possessed for the purpose of sale before an offense is charged, or a conviction can be had. No. 6423, Frank Cox v. State, 90 Texas Crim. Rep. 256; No.

6510, Petit v. State, 90 Texas Crim. Rep., 336; No. 6493, Francis v. State, 90 Texas Crim. Rep., 399, all decided at the present term of court and not yet reported.

Under the foregoing authorities it is necessary to reverse the judgment of the trial court and order the prosecution dismissed.

*Reversed and dismissed.*