## WILLIAMS v. STATE. (No. 6570.)

(Court of Criminal Appeals of Texas. Dec. 21, 1921.)

Intoxicating liquors ⬤⟹139—Possession not an offense unless for purpose of sale.

By amendment of the prohibition law passed by the First Called Session of the Thirty-Seventh Legislature (Acts 1921, c. 61), it is not an offense to possess intoxicating liquor unless for the purpose of sale.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Elias Williams was convicted of possessing intoxicating liquors, and he appeals. Reversed, and prosecution ordered dismissed.

Butler, Price & Maynor, of Tyler, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction was for possession of intoxicating liquor. Penalty assessed

at one and one-half years in the penitentiary.

By amendment of the prohibition law passed by the First Called Session of the Thirty-Seventh Legislature (chapter 61), it is not now an offense to possess intoxicating liquor, unless the same is had for the purpose of sale, and it is necessary to allege and to prove that it was so possessed for the purpose of sale before an offense is charged, or a conviction can be had. No. 6423, Frank Cox v. State, 234 S. W. 531; No. 6510, Petit v. State, 235 S. W. 579; No. 6493, Francis v. State, 235 S. W. 580—all decided at the present term of court, and not yet [officially] reported.

Under the foregoing authorities it is necessary to reverse the judgment of the trial court and order the prosecution dismissed.

---

### DOSSETT v. STATE. (No. 6571.)

(Court of Criminal Appeals of Texas. Dec. 21, 1921.)

**Intoxicating liquors ⬅➡139—Possession not an offense unless for purpose of sale.**

By amendment of the prohibition law, passed by the First Called Session of the Thirty-Seventh Legislature (Acts 1921, c. 61), it is not an offense to possess intoxicating liquor unless for the purpose of sale.

Appeal from District Court, Milam County; John Watson, Judge.

Lena Wells Dossett was convicted of possessing intoxicating liquor, and appeals. Reversed, and prosecution ordered dismissed.

R. Lyles, of Cameron, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted of possessing intoxicating liquor, and sentenced to one year in the penitentiary.

By amendment of the prohibition law passed by the First Called Session of the Thirty-Seventh Legislature (chapter 61), it is not now an offense to possess intoxicating liquor, unless the same is had for the purpose of sale, and it is necessary to allege and to prove that it was so possessed for the purpose of sale before an offense is charged, or a conviction can be had. No. 6423, Frank Cox v. State, 234 S. W. 531; No. 6510, Petit v. State, 235 S. W. 579; No. 6493, Francis v. State, 235 S. W. 580—all decided at the present term of court, and not yet [officially] reported

Under the foregoing authorities it is necessary to reverse the judgment of the trial court and order the prosecution dismissed.