Minnie Cade v. The State.

No. 6599. Decided January 18, 1922.

**Intoxicating Liquors—Possession—Repeal of Law.**

Upon appeal from a conviction for possessing intoxicating liquors under the so-called Dean Act, the judgment must be reversed and the cause dismissed as by the amendment of said Act the possession of intoxicating liquor is not an offense unless so possessed for the purpose of sale, following Petit v. State, 90 Texas Crim. Rep., 336, recently decided, and other cases.

Appeal from the District Court of Jasper. Tried below before the Honorable V. H. Stark.

Appeal from a conviction for the unlawful possession of intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Blake & Neel,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was indicted a- d convicted for possessing intoxicating liquor under the prohibition law prior to the amendment thereof by chapter 61, First and Second Called Session of the Thirty-seventh Legislature, page 233. By the provisions of the amendment the possession of intoxicating liquor is not an offense, unless so possessed for the purpose of sale. The amendment carried no saving clause as to pending cases, and the further prosecution of this case can not be maintained. (See No. 6510, Petit v. State, 90 Texas Crim. Rep., 336, decided November 23, 1921; No. 6493, Francis v. State, 90 Texas Crim. Rep., 399, decided December 7, 1921; No. 6571, Dossett v. State, 90 Texas Crim. Rep., 458; 6570, Williams v. State, 90 Texas Crim. Rep., 455, the last two cases decided December 21, 1921.)

The judgment of the trial court is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*