## CADE v. STATE. (No. 6599.)

(Court of Criminal Appeals of Texas. Jan. 18, 1922.)

**Criminal law ⬅14—Prosecution for possessing intoxicating liquor, instituted before amendment of law, not maintainable.**

In view of Acts 37th Leg. (1921) 1st Called Sess. c. 61, under which possession of intoxicating liquor is no longer an offense, unless possessed for purpose of sale, a prosecution begun under the prior law for merely possessing liquor cannot be maintained; the amendatory act carrying no saving clause as to pending cases.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

Minnie Cade was convicted of possessing intoxicating liquor, and she appeals. Reversed, and prosecution dismissed.

Blake & Neel, of Jasper, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was indicted and convicted for possessing intoxicating liquor under the prohibition law (Acts 36th Leg. [1919] 2d Called Sess. c. 78), prior to the amendment thereof by chapter 61, Acts 1st Called Sess. 37th Legislature (1921). By the provisions of the amendment the possession of intoxicating liquor is not an offense, unless so possessed for the purpose of sale. The amendment carried no saving clause as to pending cases, and the further prosecution of this case cannot be maintained. See No. 6510, Petit v. State, 235 S. W. 579, decided November 30, 1921; No. 6493, Francis v. State, 235 S. W. 580, decided December 7, 1921; No. 6571, Dossett v. State, 235 S. W. 1093, and No. 6570, Williams v. State, 235 S. W. 1092, the last two cases decided December 21, 1921.

The judgment of the trial court is reversed, and the prosecution ordered dismissed.