A. C. Cansler v. The State.

No. 6648. Decided February 8, 1922.

**Intoxicating Liquors—Possession of Equipment.**

The possession of equipment for manufacturing intoxicating liquor was omitted from the Dean law which operated as a repeal of the provision making such possession illegal, and the judgment must therefore be reversed and the cause dismissed. Following Petit v. State, 90 Texas Crim. Rep., 336, and other cases.

Appeal from the District Court of Rusk. Tried below before the Honorable Charles L. Brachfield.

Appeal from a conviction of unlawfully possessing equipment for the manufacture of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Gray, Cooper & Stone,* and *R. T. Jones,* for appellant.—Cited Cox v. State, recently decided, and other cases.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Rusk County of the offense of possessing equipment for the purpose of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

By the amendment to what is known as the Dean Law, enacted by the Second Called Session of the Thirty-seventh Legislature, the possession of equipment for manufacturing intoxicating liquor was omitted from the Dean Law, which operated as a repeal of the provisions making such possession illegal, which under the provisions of our statutes necessitate the reversal of cases pending against parties charged with such offense at the time of the passage of such amendment. Petit v. State, 90 Texas Crim. Rep. 336; 235 S. W. Rep. 579; Francis v. State, 90 Texas Crim. Rep., 67, 235 S. W. Rep., 580.

For the reasons set forth the judgment of the trial court will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*