## John Moore v. The State.

### No. 6403.   Decided February 8, 1922.

**1.—Intoxicating Liquors—Possession—Transportation—Argument of Counsel —Allusion to Defendant's Failure to Testify.**

There being no other witness who could have raised his voice or testified with reference to the transaction, save the appellant alone, the language of the district attorney, "No living person has raised his voice to deny that Day got the package from defendant's wagon, but we have proved it by four witnesses," cannot be regarded in any other light than a direct allusion to appellant's failure to testify. Following Shaw v. State, 57 Texas Crim. Rep., 474, and other cases.

**2.—Same—Charge of Court—Accomplice Testimony.**

If it be found necessary to charge on the issue of corroboration of accomplice testimony, the form of charge recommended in Brown v. State, 57 Texas Crim. Rep., 570, and other cases, may be followed.

**3.—Same—Possession—Statute Repealed.**

Since the Act of the called session, of the thirty-seventh Legislature it is not an offense to possess intoxicating liquor, except for the purpose of sale. Following Petit v. State, 90 Texas Crim. Rep., 336; and other cases.

Appeal from the District Court of Franklin.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of transporting and possessing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wilkinson & Cook,* and *F. B. Candle,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.   Appellant was indicted under two counts, one for the "transportation" and the other for "possession" of intoxicating liquor in violation of the State prohibition law.   On a general verdict of guilty his punishment was assessed at one year's confinement in the penitentiary.

The judgment must be reversed on account of the improper argument of the district attorney.   C. E. Day testified that by telephone appointment he met appellant at a certain place, having in view the purchase or trading of some live stock with him; that while talking with appellant the latter told witness he had something in the wagon for him, whereupon he took from the wagon a half gallon jar of whisky which was wrapped in a tow-sack.   Three other witnesses testified to having seen Day take something out of appellant's wagon. No other parties are shown to have been in position where they could have seen what transpired except appellant himself.   The district

attorney in his closing argument to the jury made use of the following language: ''No living person has raised his voice to deny that Day got the package from defendant's wagon, but we have proved it by four witnesses.'' This was objected to at the time as being a reference to the failure of the defendant to testify, but the court declined to admonish the district attorney against the argument. Thereafter counsel for appellant requested the court to give a special charge to the jury instructing them not to regard such argument of the district attorney, but this requested charge was also refused.

There being no other witness who could have ''raised his voice'' or testified with reference to the transaction save the appellant alone, this language by the district attorney cannot be regarded by us in any other light than a direct allusion to appellant's failure to testify. Dawson v. State, 24 S. W. Rep. 1414; Shaw v. State, 57 Texas Crim. Rep. 474, 123 S. W. Rep. 691; Flores v. State, 60 Texas Crim. Rep. 25, 129 S. W. Rep. 1111; Deay v. State, 62 Texas Crim. Rep. 352, 137 S. W. Rep. 699; Jemison v. State, 79 Texas Crim. Rep. 313, 183 S. W. Rep. 807; Boone v. State, 235 S. W. Rep. 580. (See last case for many authorities collated.)

The court's charge on corroboration of accomplice testimony is made the subject of criticism. If it be found necessary to charge on the same issue in the event of another trial, this can be corrected. For charges on this subject which have been approved see Brown v. State, 57 Texas Crim. Rep. 570, 124 S. W. Rep. 101; Oates v. State, 67 Texas Crim. Rep. 496; see also Stanfield v. State, 84 Texas Crim. Rep. 437, 208 S. W. Rep. 538, and Watson v. State, 237 S. W. Rep., 298 (No. 6490, opinion delivered January 18, 1922).

We would call attention to the fact that the count in the indictment charging the possession of intoxicating liquor cannot be further prosecuted in its present form. Since the Act of the Called Session of the thirty-seventh Legislature, p. 233, it is not an offense to possess intoxicating liquor except for the purpose of sale. Francis v. State, 90 Texas Crim. Rep. 67, 235 S. W. Rep. 580; Petit v. State, 90 Texas Crim. Rep. 336, 235 S. W. Rep., 579; Ex parte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep., 937, No. 6772, opinion delivered February 1, 1922.

The judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*