## SPEER v. STATE. (No. 6689.)

(Court of Criminal Appeals of Texas. Feb. 15, 1922.)

Intoxicating liquors ⚖139, 211—Indictment charging possession must allege purpose of sale; mere possession not an offense.

Indictment charging defendant with having possession of intoxicating liquors must allege such possession to have been for the purpose of sale, as, under Acts 36th Leg. (1919) 2d Called Sess. c. 78, as amended by the Acts 37th Leg. (1921) 1st Called Sess. c. 61, possession is not an offense unless the possession is for the purpose of sale.

Appeal from District Court, Armstrong County; Henry S. Bishop, Judge.

Mark Speer was convicted of having possession of intoxicating liquors, and he appeals. Judgment reversed, with directions.

Stone, Miller & Guleke, of Amarillo, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Punishment was assessed against appellant of 1½ years' confinement in the penitentiary upon a conviction for the possession of intoxicating liquors.

The indictment charged appellant with the possession of intoxicating liquor not for scientific, mechanical, medicinal, or sacramental purposes under the prohibition law prior to the Acts of the Thirty-Seventh Legislature. The law was so amended by acts of the First and Second Called Sessions of that Legislature, p. 233, that the possession of intoxicating liquor is not an offense unless such possession is for the purpose of sale. Under authority of Francis v. State (Tex. Cr. App.) 235 S. W. 580, Petit v. State (Tex. Cr. App.) 235 S. W. 579, and Ex parte Mitchum (Tex. Cr. App., No. 6772) 237 S. W. 936, opinion delivered February 1, 1922, the prosecution cannot be maintained under the present form of indictment.

The judgment of the trial court is reversed, and the prosecution ordered dismissed under the indictment in its present form.