## J. A. BAKER, ALIAS J. WARRAN, v. THE STATE.

### No. 6663.        Decided March 1, 1922.

#### Intoxicating Liquors—Possession—Equipment—Manufacture.

The feature of the Dean Law making penal the possession of equipment for the purpose of manufacture intoxicating liquor having been repealed by the omission from the amended statute, the judgment must be reversed and the cause dismissed. Following Francis v. State, 90 Texas Crim. Rep., 67.

Appeal from the District Court of Bell. Tried below before the Honorable M. B. Blair.

Appeal from a conviction of the possession of equipment for the manufacture of intoxicating liquors; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief of file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bell County of possessing equipment for the manufacture of intoxicating liquor, and his punishment fixed at three years in the penitentiary.

That feature of the Dean Law making penal the possession of equipment for the purpose of manufacturing intoxicating liquor, having been repealed by its omission from the amended sections of said statute passed by the Second Called Session of the Thirty-seventh Legislature, under the numerous authorities we are compelled to reverse and dismiss the instant prosecution, and it is so ordered. Francis v. State, 90 Texas Crim. Rep., 67, 235 S. W. Rep. 580; Petit v. State, 90 Texas Crim. Rep., 336, 235 S. W. Rep. 579.

*Reversed and dismissed.*