## McCLELLAND v. STATE. (No. 6632.)

(Court of Criminal Appeals of Texas. April 12, 1922.)

1. **Criminal law ⟨key⟩1092(13)—Bills of exception must be approved by trial judge.**

Bills of exception, not approved by the trial judge, should not be filed by the clerk in the court below, and have no place in the record.

2. **Criminal law ⟨key⟩1184—Intoxicating liquors ⟨key⟩139—Possession, unless for sale, not a crime under amended statute; judgment reformed to apply to valid charge.**

Judgment of conviction on an indictment charging transportation and possession of intoxicating liquors will be reformed to apply only to the charge of transportation, since under the amendment by Acts 37th Leg. (1921) 1st Called Sess. c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.) possession thereof is no longer a crime, unless had for the purpose of sale.

Appeal from District Court, Stephens County; O. O. Hamlin, Judge.

T. S. McClelland was convicted of transporting and possessing intoxicating liquors, and he appeals. Judgment reformed and affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for violation of the liquor law. Punishment two years' confinement in the penitentiary. The indictment contains two counts; the first charging the transportation of intoxicating liquors, and the second having possession of intoxicating liquors. No motion was made to quash either count in the indictment, nor was there a request for the state to elect upon which count it would seek a conviction. Both counts were submitted to the jury, a general verdict returned, and upon that a general judgment of guilty entered.

[1] No statement of facts accompanies the record, and three purported bills of exception cannot be considered. Court adjourned on June 25, 1921. Appellant was allowed 60 days in which to file statement of facts and bills of exception. The purported bills were not filed until September 3, 1921, which is more than 60 days after adjournment of court. Moreover, the bills of exception are not approved by the trial judge, and in that condition they should not have been filed by the clerk in the court below. They really have no place in the record in their present condition.

[2] Since the amendment by Acts 37th Leg. 1st Called Session, p. 233 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), it is no longer an offense to have possession of intoxicating liquors, unless the same is had for the purpose of sale, and under many opinions handed down by this court since the amendment in question that count of the indictment against appellant, seeking to charge him with possession of intoxicating liquors is bad. Petit v. State (Tex. Cr. App.) 235 S. W. 579; Lee v. State (Tex. Cr. App.) 235 S. W. 1093.

The judgment will be reformed, to make the conviction apply to the first count, charging the unlawful transportation, and, as thus reformed, the judgment of the trial court will be affirmed.