### D. C. HOBBS v. THE STATE.

No. 10160.     Delivered June 2, 1926.

**1.—Aggravated Assault—Argument of Counsel—Commenting on Appellant's Failure to Testify—Reversible Error.**

Where appellant did not testify in his own behalf, and there was but one witness for the state, the argument of counsel for the state, in which he said, "If he, defendant, was not guilty, I want to remind you that he never introduced a line of evidence to prove that he was not guilty, and certainly if he was not guilty he had the means of proving he was not guilty," could not be construed otherwise than as a direct reference to appellant's failure to testify, and necessitates a reversal of the case.

**2.—Same—Continued.**

This offending by the prosecuting attorney was further accentuated by other references in his argument, in the use of the words, "That wit-

ness stand was as silent as a tomb as to any reason why this defendant was not guilty," and the further remark, "If that man (defendant) was not guilty, I would like to have heard some testimony from that stand to show that he was not guilty." We think that under all the authorities this was a reference to appellant's failure to testify. See Williams v. State, 146 S. W. 168, and other cases cited. Also see Art. 710 C. C. P. 1925.

Appeal from the County Court of Hall County. Tried below before the Hon. A. C. Hoffman, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $100.00 and eight months in the county jail.

The opinion states the case.

*Fitzgerald & Grundy* of Memphis, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is aggravated assault, and the punishment is a fine of $100 and eight months in jail.

The case must be reversed because of the action of the county attorney in commenting on the failure of the defendant to testify in his own behalf.

The bills of exceptions affirmatively show that only the prosecuting witness, J. W. Sanders, J. D. Rogers and the appellant were present at the time the assault was alleged to have been committed. The bills further show that Rogers was at the time of this trial under bond awaiting trial on a charge of aggravated assault upon the said Sanders growing out of the same transaction for which the defendant was on trial. Rogers was, therefore, an incompetent witness for the appellant and the appellant had no right to use him as a witness in his behalf. Art. 711, 1925 Revision C. C. P., Robertson v. State, 140 S. W. 105.

The bills further show that the appellant did not testify in his own behalf in this case. With the record in this condition the county attorney in his opening argument used the following language:

"If he, defendant, was not guilty, I want to remind you that he never introduced a line of evidence to prove that he was not guilty, and certainly if he was not guilty he had the means of proving he was not guilty."

Another bill shows that in the same argument and under the same conditions the county attorney said:

"That witness stand was as silent as a tomb as to any reason why this defendant was not guilty."

Still another bill shows that the county attorney said:

"If that man (defendant) ·was not guilty I would like .to have heard some testimony from that stand to show that he was not guilty."

We think that under all the authorities this was a reference to the appellant's failure to testify. Williams v. State, 146 S. W. 168; Shaw v. State, 123 S. W. 691; Miller v. State, 45 Tex. Crim. Rep. 517, 78 S. W. 511; Flores v. State, 60 Tex. Crim. Rep. 25; 129 S. W. 1111; Dawson v. State, 24 S. W. 414; Brazell v. State, 33 Tex. Crim. Rep. 334; 26 S. W. 723; Minter v. State, 150 S. W. 783; Vickers v. State, 154 S. W. 578.

Cases without number might be cited wherein it has been held that language similar to that used by the county attorney in the instant case was an indirect reference to the defendant's failure to testify. For many other cases on this question see page 209, Branch's Ann. P. C.

The argument was in direct conflict with the authorities above cited and was prohibited by Art. 710, 1925 Revision C. C. P.

Because of said improper argument, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.