## ROCKWALL v. STATE.   (No. 10006.)

(Court of Criminal Appeals of Texas.   Oct. 6, 1926.)

Intoxicating liquors ⚬⟲239(7).

In prosecution, under Pen. Code 1925, art. 666, for unlawful possession of intoxicating liquors, for purpose of sale, charge to convict, if accused had possession, without charging that such possession must be for purpose of sale was reversible error.

Appeal from District Court, Hopkins County; J. M. Melson, Judge.

Jim Rockwall was convicted of the unlawful possession of intoxicating liquor, and he appeals.  Reversed and remanded.

Ramey & Davidson, of Sulphur Springs, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J.  The conviction is for the unlawful possession of intoxicating liquor; punishment is fixed at confinement in the penitentiary for a period of three years.

It is charged in the indictment that the appellant possessed intoxicating liquor for the purpose of sale.  The state's evidence was to the effect that the sheriff, while searching the premises of the appellant, found some jars of whisky and also some so-called "choc beer."  Aside from the possession, the record is bare of evidence of a sale or an intent to sell the whisky.

In instructing the jury, the court, in the second paragraph of its charge, used the following language:

"Our statutes provide that it shall be unlawful for any person in this state to possess intoxicating liquor except for medicinal, mechanical, scientific, or sacramental purposes."

In the seventh paragraph of the court's charge the jury were instructed to convict the appellant if they believed that he had intoxicating liquor in his possession.  Appropriate objection was urged to this charge.

---

The statute defining the offense upon which the prosecution is based declares that:

"It shall be unlawful for any person to possess, 'for the purpose of sale,' intoxicating liquor."

See article 666, P. C. 1925.

The court should have instructed the jury in appropriate language that, as a predicate for conviction, they must believe beyond a reasonable doubt that the intoxicating liquor found upon the appellant's premises was possessed by him "for the purpose of sale." This is the command of the statute. See Petit v. State, 90 Tex. Cr. R. 366, 235 S. W. 579, and numerous other cases collated in Vernon's Ann. Tex. P. C. 1925, vol. 1, p. 435, note 7.

There are other questions raised which are deemed unnecessary to discuss. The state's attorney concedes that the fault in the charge mentioned requires a reversal of the judgment, and we concur in this view.

The judgment is reversed, and the cause remanded.