### D. T. JORDAN v. THE STATE.

No. 856.   Decided March 22, 1911.

Rehearing Denied May 17, 1911.

**1.—Incest—Force—Consent—Words and Phrases.**

Upon trial of incest there was no error in permitting prosecutrix to testify that she did not willingly accede to the act of intercourse, but that the defendant used some force, as the words "carnally know each other" do not pre-

suppose the consent of both parties. Following Alonzo v. State, 15 Texas Crim. App., 378, and other cases.

**2.—Same—Evidence—Birth of Child—Date.**

Upon trial of incest there was no error in permitting prosecutrix to testify that she gave birth to a child, and to state the date of its birth, as this was a matter of corroboration in voluntary incest.

**3.—Same—Evidence—Declarations of Defendant.**

On trial of incest there was no error in permitting the State to ask a witness for the defendant if defendant did not tell him before he left Childress to come to Eastland County, that prosecuting witness had told that defendant was the author of her misfortune; besides, the witness answered in the negative.

**4.—Same—Charge of Court—Accomplice—Voluntary Incest.**

Where, upon trial of incest, the evidence raised the question as to whether the prosecutrix was an accomplice by voluntarily having incestuous intercourse with defendant, and the court properly submitted the law of accomplice as applied to the facts, according to precedent, there was no error.

**5.—Same—Sufficiency of the Evidence—Accomplice—Corroboration—Circumstantial Evidence.**

Where, upon trial of incest, the evidence showed that the prosecutrix gave birth to a child, which, she said, was that of defendant, and there were corroborating circumstances in evidence, which, taken as a whole, were sufficient to sustain the conviction, there was no error.

Appeal from the District Court of Eastland. Tried below before the Hon. Thos. L. Blanton.

Appeal from a conviction of incest; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Brelsford,* for appellant.—Upon question of accomplice and want of corroboration: Clark v. State, 39 Texas Crim. Rep., 179; Ratliff v. State, 60 S. W. Rep., 666; Woolley v. State, 50 Texas Crim. Rep., 214, 96 S. W. Rep., 27; Spenrath v. State, 48 S. W. Rep., 192.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant was indicted, charged with incest. Upon a trial in the District Court of Eastland County he was convicted and sentenced to two years confinement in the penitentiary.

1. The first ground in the motion for a new trial relates to bill of exceptions No. 1, in which the complaint is that the prosecutrix was permitted to testify that she did not willingly accede to the act of intercourse, but that defendant used some force in the accomplishment of his purpose. The charge in the indictment is that defendant had carnal intercourse with his niece. In the case of Mercer v. State, 17 Texas Crim. App., 452, Judge Willson says: "It is ingeniously and ably argued by counsel for defendant that our statute defining the offense of incest, in using the words 'carnally know each other,' presupposes the consent of both parties, and makes it necessary that they

should mutually carnally know each other. . . . That a rape of the woman by the man excludes the crime of incest. . . . But in our opinion the great weight of reason and of authority is against the doctrine announced in the authorities cited." See also Alonzo v. State, 15 Texas Crim. App., 378; Schoenfeldt v. State, 30 Texas Crim. Rep., 698; State v. Nugent, 72 Am. State Rep., 153.

2. The appellant complains in bill No. 2 that the court erred in permitting the prosecuting witness to testify that she gave birth to a child, and give the date of its birth. If the prosecuting witness voluntarily agreed to the sexual intercourse she would be an accomplice, and her testimony of the act of intercourse must be corroborated by other facts and circumstances in evidence. If the child was born in the usual period of gestation from that date that the witness says the intercourse took place, it would be a strong circumstance tending to corroborate her statement, and if by other testimony it is shown that defendant was with the witness at the date testified to by her, and at the place testified to by her, these facts would all be admissible to corroborate her testimony. The act of intercourse would hardly be seen by a third person, and it is by such facts as these she must be corroborated, if at all.

3. In bill of exceptions No. 3 appellant complains that the court erred in permitting the State to ask a witness for the defendant if "defendant did not tell him before he left Childress to come to Eastland County, that prosecuting witness, Emma Latham, had told that defendant was the author of her misfortune." Any statement made by defendant in regard to the matter would be admissible if the State desired to bring it out. However, in this instance the witness answered that defendant had made no such statement, and the question and answer could in no sense be hurtful to defendant.

4. The court charged the jury: "Where a female and a male are prohibited by law from intermarrying, and the female should willingly unite with the male in having an incestuous intercourse, and she should knowingly, voluntarily, and with the same intent which actuated the male, unite with him in the commission of the carnal act, then, in such instance, such female would be an accomplice in law, and in a trial of a case against such male upon the charge of incest, such male could not be convicted upon the uncorroborated testimony of the female; and as to the law concerning a conviction upon the testimony of an accomplice, I give you the following:

"A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense; and in this case, in determining whether or not the witness Emma Latham is an accomplice, if, in fact, there was any such act of incestuous intercourse committed between her and the defendant as charged, the proper inquiry would be: Did she knowingly, voluntarily, and with the same intent which

actuated the defendant, unite with him in the commission of the crime charged against him, if, in fact, such crime was committed by him, and if, in fact, such incestuous intercourse between said witness and said defendant did occur? If she did she was an accomplice.

"Now, if you should find from the evidence that the witness Emma Latham was an accomplice, or should you have a reasonable doubt as to whether she was or not, as that term is defined to you in the foregoing instructions, then you are instructed that you can not find the defendant guilty upon her testimony unless you first believe that the testimony of the said Emma Latham is true, and that it shows the guilt of the defendant, and unless you believe that there is other evidence in the case outside of the testimony of the said Emma Latham tending to connect the defendant with the commission of the offense charged."

A number of objections are urged to this charge, none of which, we think, are well taken. The first part of this charge is almost a literal copy of a charge approved by this court in Schoenfeldt v. State, 30 Texas Crim. Rep., 698, and the latter portion of the charge has been approved in the recent cases of King v. State, 57 Texas Crim. Rep., 363; Brown v. State, 57 Texas Crim. Rep., 570, and Campbell v. State, 57 Texas Crim. Rep., 302.

5. The only remaining assignment is that the evidence is insufficient to sustain the conviction, in that Emma Latham is shown to be an accomplice, and her testimony is not corroborated. To concede that she is an accomplice, a fact which the court submitted to the jury (and which they could find either way under the evidence), we think the evidence sufficient. Emma Latham testified defendant is her uncle. This is corroborated by her mother and other testimony. She testified that in October defendant visited her mother's home and went with her to the field to assist her in picking cotton, and there on that occasion the act of sexual intercourse took place. Her mother testifies that defendant visited them at the time stated; that he went with her daughter to the field to pick cotton, and was with her as her daughter claimed. A child was born in about the usual time from this date. A nephew of defendant says defendant sent him down to see the girl; that the girl then told him of the act of sexual intercourse between her and defendant; that "medicine" was furnished the girl, for what purpose is not disclosed by the evidence. The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### May 17, 1911.

HARPER, JUDGE.—On a former day of this term this case was affirmed. Appellant has filed a motion for a rehearing in which he earnestly insists that the testimony of Emma Latham, as to the act of intercourse is not sufficiently corroborated. That the fact of relationship is corroborated none can doubt, because all the witnesses testify

that appellant is an uncle of the prosecuting witness. If it took positive testimony to corroborate a witness as to sexual intercourse, very few, if any, cases would ever be made out, because in this act none are so brazen as to expose themselves to public view. Appellant insists that the statement of Emma Latham to Dr. Sparks that appellant was the father of the child was excluded by the court, and should not be considered by us, while the record before us says: "The Court: For the present, gentlemen, I will withdraw that from you, meaning the testimony beginning at the top of this page down to this ruling." While the statement quoted by us was on the preceding page, yet, excluding this, it is in evidence that Mrs. Latham, the mother of Emma, wrote to Dr. Jordan, defendant; that he prescribed medicine for the prosecuting witness without seeing her; that he sent his nephew to see her while she was in this condition, after getting the letter from her mother, and the person sent sought to obtain from the witness an admission that others were the author of her ruin, and while, as said in Woolley v. State, 50 Texas Crim. Rep., 214, 96 S. W. Rep., 27, the fact that a person gave birth to a child is not sufficient to prove any particular person is the father of the child, yet it is proof positive that she had sexual intercourse with some person. To this we agree, but that case, and every other case that we have found, considers the birth of a child a circumstance to be considered with other circumstances in the evidence, and if the evidence as a whole, taking all the circumstances into consideration, convinces a jury beyond a reasonable doubt of one's guilt, this court will not disturb the verdict. This is the second appeal in this case, and while on the former appeal the case was reversed because of the failure to properly limit certain testimony in evidence, yet twice have juries found that the prosecuting witness' testimony is corroborated under a proper charge. Motion overruled.

*Overruled.*