## JIM ICE v. THE STATE.

### No. 4857.   Decided February 5, 1919.

**1.—Seduction—Continuance—Want of Diligence.**

Where, upon trial of seduction, the second application for a continuance showed a want of diligence in securing the absent witnesses and justified the conclusion that the alleged testimony was probably not true, there was no error in overruling application for continuance.

**2.—Same—Evidence—Other Acts of Sexual Intercourse.**

Upon trial of seduction, there was no error in admitting evidence of other acts of sexual intercourse to corroborate the prosecutrix in her statement that they were coincident with a renewed promise of marriage at a fixed date within a short time, as these acts came within the settled rule that in this character of case subsequent acts of intercourse are provable. Following Bradshaw v. State, 198 S. W. Rep., 942, and other cases.

**3.—Same—Evidence—Corroboration.**

Upon trial of seduction, there was no error in admitting testimony by the prosecutrix and others that she made dresses in preparation of marriage.

**4.—Same—Evidence—Impeaching Own Witness.**

There was no error in the refusal to permit defendant to lay the predicate for the impeachment of his own witness, where he simply failed to testify as defendant desired. Following Bennett v. State, 24 Texas Crim. App., 77.

**5.—Same—Requested Charges.**

Where the requested charges upon a reasonable doubt, accomplice, and intercourse with others was contained in the main charge, there was no error in refusing them.

**6.—Same—Limiting Testimony in Charge of Court.**

Where the court limited impeaching testimony, as far as the law required it to be done, there was no reversible error.

**7.—Same—Charge of Court—Chastity—Promise of Marriage.**

Where, upon trial of seduction, there was no evidence that the prosecutrix submitted to sexual intercourse with the defendant for other reasons than that of promise of marriage, there was no error in the court's failure to submit a charge on any other theory.

**8.—Same—Evidence—Chastity of Prosecutrix—General Reputation.**

Where the prosecutrix's character for chastity was challenged by testimony of acts of intercourse with other parties, there was no error in admitting testimony by the State in support of her character by proof of general reputation.

**9.—Same—Evidence—Moral Turpitude.**

There was no error on cross-examination of defendant's witness to show by him that he was under indictment for perjury. Following Lights v. State, 21 Texas Crim. App., 313. Distinguishing Bennett v. State, 47 Texas Crim. Rep., 52.

**10.—Same—Evidence—Other Acts of Intercourse.**

Where, upon trial of seduction, there was some confusion as to the date of the first act of intercourse, there was no error in admitting subsequent acts of intercourse as explaining the birth of the child and the date thereof. Following Hinman v. State, 59 Texas Crim. Rep., 29.

**11.—Same—Accomplice—Charge of Court.**

Where, upon trial of seduction, the charge of the court on accomplice testimony conformed to approved precedent, there was no reversible error. Following King v. State, 57 Texas Crim. Rep., 370, and other cases.

Appeal from the District Court of Somervell. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Levi Herring,* for appellant.—On question of charge on accomplice testimony: King v. State, 57 Texas Crim. Rep., 370; Murphy v. State, 65 Texas Crim. Rep., 55, 143 S. W. Rep., 618; Slaughter v. State, 76 Texas Crim. Rep., 157, 174 S. W. Rep., 581.

On question of moral turpitude: Bennett v. State, 47 Texas Crim. Rep., 52.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for seduction. The fact that prosecutrix submitted to intercourse with the appellant upon his promise of marriage was definitely testified to by her and supported by other evidence constituting sufficient corroboration. There was proof that she gave birth to a child; that appellant when charged with her seduction, after first denying it, stated in substance, when told that prosecutrix's mother was going to press prosecution, that if he was given a few days he would marry the girl, that he first wanted to procure a place to take her, and obtaining consent, he fled. The prosecutrix said that when he was informed of her pregnancy he promised that the wedding would take place in a short time, and that he would make effort to procure a certain named place to live, and there was other evidence that he did make the effort. There was evidence, aside from her testimony, that she made preparation to marry.

A second application for a continuance was based upon the testimony of an absent witness by whom appellant expected to prove that the witness had had sexual intercourse with the prosecutrix prior to the date of the offense. The trial court regarded the diligence insufficient. The indictment was filed the 18th of April, 1917; the trial took place the 7th of September, the same year. A subpoena issued for the witness to Fisher County was returned not executed on the 2nd day of May, 1917. The subsequent diligence was based upon the allegation of inability to learn his whereabouts. He had moved to a point in New Mexico, at which he had lived for a number of months; had many acquaintances in the neighborhood in which the appellant lived, with some of whom he was in correspondence, and, we think, under the facts developed, that the trial court did not abuse his discretion in overruling the application for a lack of diligence. From the evidence developed upon the trial the court, we think, was also justified in the conclusion stated by him, that the alleged testimony was not probably true.

Evidence of two other acts of intercourse was introduced, and is complained of. It is said in Walls v. State, ·69 Texas Crim. Rep.; 317, that it is the settled rule that in this character of case subsequent acts of intercourse are provable. The writer is not prepared to coincide with a statement so broad, as it is conceivable that cases will arise in which such testimony should be rejected. The discussion of the question in the similar case of Bradshaw v. State, 82 Texas Crim. Rep., 351, expressing the view that such is to be received when it is relevant upon a controverted issue, expresses the view of the writer upon the subject. Proof of the acts complained of was accompanied by other circumstances, going to corroborate prosecutrix, including a statement by her that they were coincident with a renewed promise of marriage at a fixed date within a short time, and come within the rule stated. This conclusion is in harmony with the text in Underhill on Evidence, section 389, and with the opinion in Waterman v. State, 75 Kan., 253.

The evidence introduced by the State, by several witnesses besides prosecutrix, that she made dresses in preparation of marriage, was admissible as a corroborative circumstance. Underhill on Evidence, section 388, it being a provable circumstance which usually accompanies an engagement to marry. State v. Hill, 4 S. W. Rep., 121.

Complaint of the refusal of the court to permit appellant to lay the predicate for the impeachment of his witness McCarty, can not be sustained for the reason that McCarty, when introduced by appellant, gave against him no damaging testimony, but simply failed to give the evidence which appellant desired. An often exemplified rule sustains the action of the court. Bennett v. State, 24 Texas Crim. App., 77, also Branch's Texas Ann. P. C., sec. 164.

The exceptions to the court's charge upon the ground that it failed to give the defendant the benefit of the reasonable doubt, and that charging the failure of the court to instruct the jury that the prosecutrix was an accomplice, and that complaining of the failure of the court to instruct the jury that intercourse by the prosecutrix with others prior to the alleged offense would require an acquittal, are not sustained by the record, these matters all being covered by the court's charge and the supplemental charge given.

Nor is the complaint that the court failed to limit the impeaching testimony, well taken for the reason that the court did limit such testimony as far as the law required it to be done, in telling the jury that the fact that the witness Zeb Ice was indicted could be considered alone upon the question of his credibility.

The failure of the court to charge the jury on the theory that there was evidence showing that the prosecutrix submitted to the intercourse for reasons other than that alleged in the indictment, was not error, there being, in our opinion, no evidence raising the issue. The prosecutrix's character for chastity being challenged by the introduction of evidence by the appellant of acts of intercourse with other parties, the State was within its rights in supporting her character by proof of general reputation. On cross-examination of the witness Zeb Ice, the State, over the appellant's objection, proved by him that he was under indictment for perjury. It has been often held that proof of indictment for a felony or an offense involving moral turpitude is admissible upon cross-examination of a witness for the purpose of affecting his credibility. As presented in the bill, we find nothing to distinguish the proceeding complained of from those passed on in the numerous cases heretofore decided. Light v. State, 21 Texas Crim. App., 313, and other cases listed in Branch's Texas Ann. P. C., sec. 167.

We are referred, however, to the case of Bennett v. State, 47 Texas Crim. Rep., 58, in which it was made to appear that one of the witnesses for the accused had been indicted for perjury because of his testimony on a former trial of the same case and acquitted. It further appeared that the indictment was obtained for the purpose only, and for the express purpose of disqualifying and discrediting the testimony of

the witness in the case on trial.  This being shown, manifestly the expressions of Judge Brooks in writing the opinion in the case mentioned, to the effect that one accused of crime could not be deprived of the benefit of the testimony of a witness in his favor or have such witness discredited by an indictment fraudulently obtained for the unlawful purpose of depriving the accused of his evidence.  If such a state of facts were presented here we would not hesitate to withhold our sanction of a conviction resulting therefrom.  Doughty v. State, 18 Texas Crim. App., 179.  Such information as is brought before us, however, by the bill of exceptions and the record does not disclose a transaction of the character mentioned.  See Perry v. State, 34 S. W. Rep., 618.

Such of the special charges requested as were applicable to the issues raised are embodied in the main charge.

The judgment of the District Court is affirmed.

*Affirmed.*

ON REHEARING.

February 5, 1919.

MORROW, Judge.—We can not, in view of the record, recede from the conclusion expressed in the original opinion, that the admission of the other acts of intercourse, was not error.  Supplementing the original opinion on the subject we remark that there was some confusion in the evidence as to the date of the first act of intercourse, some testimony putting it in May preceding the birth of the child in February. The subsequent acts introduced were properly received as explaining the birth of the child and the date thereof.  Practically the same conclusion was expressed in Hinman v. State, 59 Texas Crim. Rep., 32.

The charge on accomplice testimony contained the following:

"A conviction can not be had upon the testimony of an accomplice unless the jury first believes the accomplice's evidence is true, and that it shows the defendant is guilty, and then you can not convict, unless the accomplice's testimony is corroborated by other evidence connecting the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, and the accomplice can not corroborate her testimony by her own statements.  The corroboration must be both as to the sexual intercourse and the promise of marriage."

The charge also explained to the jury what the meaning of accomplice was and stated to them that the prosecutrix was an accomplice.  The charge is not justly subject to the criticism that it authorized conviction if they believed that the testimony of the prosecutrix was true.  It required that they must believe not only that the testimony of the prosecutrix was true, but that it showed defendant's guilt; and further, that it would not then authorize a conviction unless it was corroborated by other evidence connecting defendant with the offense charged; further, that the corroboration must not only show the commission of the offense

Vol. 84 Crim.-33

and must come from other testimony than that of the accomplice, but it must relate to both the sexual intercourse and the promise of marriage.

We are referred to King v. State, 57 Texas Crim. Rep., 370; Murphy v. State, 65 Texas Crim. Rep., 55, 143 S. W. Rep., 618; Slaughter v. State, 76 Texas Crim. Rep., 157, 174 S. W. Rep., 581. A charge not differing in any substantial manner from that given in this case was approved in each of the cases, except that of Slaughter v. State, and in that case the charge given was approved, and the dissenting opinion was based on the fact that the charge might be construed as instructing the jury that no corroboration was required except as to the act of intercourse.

From the Murphy case we quote as follows:

"The defendant also complains of the following paragraph of the court's charge: 'You are instructed that under the law of witness Lillian Jakeman is an accomplice. Now you can not convict the defendant upon her testimony alone, unless you first believe her testimony is true and that it shows the defendant is guilty of the offense charged in the indictment, and even then you can not convict the defendant upon said testimony, unless you further believe that there is other testimony tending to connect the defendant with the offense charged.' This charge is not subject to the criticism leveled at it in the motion for a new trial, but it is in accordance with the form laid down by this court in the case of Campbell v. State, 57 Texas Crim. Rep., 302, 123 S. W. Rep., 583, and approved in King v. State, 57 Texas Crim. Rep., 370, 123 S. W. Rep., 135, and Brown v. State, 57 Texas Crim. Rep., 576, 124 S. W. Rep., 101."

That the charge given in this case furnishes no just ground for complaint will be apparent from the case of Brown v. State, 57 Texas Crim. Rep., 576, and others mentioned in the above quotation.

The motion is overruled.

*Overruled.*