## WILL HENDERSON v. THE STATE.

### No. 7124.  Decided October 10, 1923.

### Rehearing denied April 9, 1924.

**1.—Robbery—Description of Property—Variance.**

Where, upon trial of robbery by force, the indictment alleged that defendant by force took from prosecuting witness a diamond stud, and the testimony was that the property, stolen, in some places describes the same as a diamond pin and in others as a diamond stud, and the cross-examination showed that it was not a stud that screwed into the tie but it was on a pin and was a diamond stick pin, and again other witnesses spoke of it as a stud, held that there was no variance and no error in refusing to submit a charge of the court for an instructed verdict because the proof varied from the allegation.

**2.—Same—Description of Property—Question of Fact.**

Whether the property taken was a pin or a stud, even if there be any difference between the two, was a question of fact for the jury, the same being called both a stud and a pin and there was therefore no error in excluding the requested charge. However, the court seriously doubts of there being support of any claim of variance. Following: Mathason v. State, 89 Texas Crim. Rep., 136, and other cases.

**3.—Same—Evidence—Acts and Declarations of Co-Conspirator.**

Where the co-principal turned State's evidence and his testimony showed that he did not know whether the defendant had secured the alleged diamond by the assault on the State's witness, there was no error in admitting testimony to the effect that on the morning after the alleged robbery the witness saw the co-conspirator who had turned State's evidence and asked him why in the hell he wanted to high-jack the State's witness and that the co-conspirator turned pale and made certain remarks where the defendant and certain parties could be found, etc., there was no reversible error, as the conspiracy had not then been consummated. Following: Sapp v. State, 87 Texas Crim. Rep., 606.

**4.—Same—Rehearing—Accomplice—Charge of Court.**

Where, upon trial of robbery, the court's charge used the word "alone" as intimating that the accomplice's testimony only might be sufficient to warrant a conviction, and besides the charge was not a pertinent application of the law of accomplice's testimony under the facts of the instant case, the judgment must be reversed and the cause remanded.

**5.—Same—Accomplice's Testimony—Rule Stated.**

A charge of the court upon accomplice's testimony should never be so framed as to intimate to the jury that under any circumstances a conviction may be had solely upon the testimony of an accomplice, and the jury should never be told that they could convict on the testimony of an accomplice "alone," for this is just what they cannot do under the statutes. Following: Abbot v. State, 250 S. W. Rep., 188.

**6.—Same—Charge of Court—Rule Stated.**

It is impossible for this court to lay down any form of charge on accomplice's testimony which would be appropriate in every instance, as the correctness of the charge must depend upon the facts of the particular case. Following: Walker v. State, 94 Texas Crim. Rep., 653, and other cases.

Appeal from the District Court of Bell. Tried below before the Honorable M. B. Blair.

Appeal from a conviction of robbery; penalty, five years imprisonment, in the penitentiary.

The opinion states the case.

*Ed. Heinsohn, Evetts & White,* and *F. M. Fitzpatrick,* for appellant. On question of court's charge on accomplice: Barton v. State, 90 S. W. Rep., 877; Huckaby v. State, 240 id., 557; Cottrell v. State, 240 id., 313; Scudden v. State, 240 id., 313; Sotello v. State, 240 id., 914; Hunt v. State, 229 id., 874.

On question of variance: Warrington v. State, 1 Texas Crim. App., 168; McGee v. State, 4 Texas App., 625; Loyd v. State, 22 id., 649; McCaskey v. State, 174 S. W. Rep., 338; Tucker v. State, 128 id., 617; Raheneck v. State, 201 id., 994; Early v. State, 118 id., 1036.

*Tom Gdrrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney and *R. G. Storey,* Assistant Attorney General, and *A. L. Curtis, DeWitt Bowmer, W. W. Hair,* and *Few Brester,* District Attorneys, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Bell County of robbery, and his punishment fixed at five years in the penitentiary.

We have looked over all the errors raised in the transcript on behalf of appellant but consider worthy of discussion only the two that are briefed by his attorneys.

Appellant was indicted for robbery, it being charged that he took by force from prosecuting witness Roddy a diamond stud. In Roddy's testimony he spoke of the stolen property as a diamond pin in some places, and also spoke of it as a diamond stud. Asked specifically on cross-examination he said: "It was not a stud that screwed into the tie but it was on a pin and was a diamond stick pin." Other witnesses spoke of it as a stud. The court below instructed the jury that unless they believed from the evidence beyond a reasonable doubt that the defendant took from Roddy the diamond stud as charged in the indictment they should acquit him.

Motion for an instructed verdict because the proof of the identifica- of the property varied from the allegation, was denied, and this is here presented vigorously as cause for reversal. Many authorities are cited in support of the proposition that descriptives in the State's pleadings must be met by exact proof or the conviction will not stand. Substantial correspondence is all that is necessary unless the alleged variance be calculated to so mislead the accused as that he could not reasonably know from the pleading of the State what he would be called on to meet. If there be any difference between a stud and a pin, it is not made to appear from testimony of dealers or experts or those who might be in position to know. Whether a pin is a stud or vice versa does not seem to have called for any expression at the hands of the makers of dictionaries or law text writers. In Webster's International Dictionary, under the word "stud," we find the following among other definitions: "(3) A kind of nail with a large head, used chiefly for ornament; an ornamental knob; a boss. (4) An ornamental button of various forms, worn in a shirt front, collar, wristband, or the like, not sewed in place, but inserted through a buttonhole or eyelet, and transferable. (5) A short rod or pin, fixed in and projecting from something, and sometimes forming a journal." Whether the property taken was a pin or a stud, even if there be any difference between the two, was a question of fact for the jury, and the testimony concerning same making it appear that the article was called by the witnesses both a stud and a pin, we would uphold the refusal of the trial court for an instructed verdict based on the variance. However we seriously doubt there being support of any claim of variance. In People v. Nolan, 95 N. E., 140, the Supreme Court of Illinois said that the description of the property as a pin was no variance from proof that it was a diamond stud,—a stud solitaire with a screw or spiral. In Mathason v. State, 89 Texas Crim. Rep., 136, we held proof of theft of diamond rings, not a variance from an allegation of theft of diamonds. As far as our information goes a pin and a stud each seem an ornament attached to clothing, and whether the attachment be a spiral wire, a curved wire or a straight wire would seem to constitute very little difference. The

case at bar differs from the case of State v. Plant, 209 Mo., 307, cited by appellant, wherein the court held that an allegation of theft of a diamond ring was not met by proof of the taking of a diamond stud. When three witnesses in this record speak of the article as a stud and only one calls it a pin, this court could not safely hold this sufficient support of a motion for an instructed verdict on the ground of variance.

The State's theory in this case was that one J. H. Estes and appellant acted together in robbing Roddy. Estes turned State's evidence and testified that pursuant to an agreement and conspiracy between himself and appellant, the assault and robbery took place. He further said that appellant was to take charge of any booty obtained and afterwards divide with him.

By a bill of exceptions appellant complains of the admission of testimony from one Burns to the effect that on the morning after the alleged robbery he saw Estes at the Y. M. C. A. in Temple, Texas. That having seen in the papers that Roddy had been robbed, he made a remark to Estes in effect: "What in the hell did you want to high-jack Roddy last night for?" and that Estes turned with a pale complexion and said to witness: "Have you seen the call boy?" to which witness replied, "No, I am looking for him myself," and that Estes then said: "Do you know where Bill Henderson went? Do you know whether Bill Henderson went out on the South local this morning?" and that he then asked Estes what he was doing laying off or taking a vacation for Christmas, and that Estes turned and walked out. This appellant objected to as being acts and declarations of Estes after the consummation of the conspiracy and out of the presence and hearing of appellant. We do not agree to the proposition that the conspiracy had been consummated. Its object and purpose evidently was to secure ownership and possession of the diamond belonging to Mr. Roddy, and Estes did not then know, according to his testimony, whether appellant had secured any diamond by the assault on Roddy or not. Sapp v. State, 87 Texas Crim. Rep., 606. The acting together of Estes and of Appellant being a pertinent fact for the State to prove, it was not bound in its proof by Estes' testimony to the effect that he and appellant were acting together. The State might go outside of and beyond the testimony of Estes and show in any other legitimate way that it could, the acting together of said parties. If the State was relying upon circumstances to show that Estes and appellant were acting together, it could hardly be called in question that it might prove prior to the consummation of the conspiracy, that Estes was searching for appellant or that Estes turned pale when charged with having been a party to the robbery. Whatever circumstances would be admissible as a part of the State's legitimate proof of an acting together between Estes and ap-

pellant in any case, would still be admissible even though Estes had turned State's evidence and admitted his participation in the affair.

Deeming appellant's contentions without merit, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

April 9, 1924.

HAWKINS, JUDGE.—Our attention is directed to some matters which were not discussed in the original opinion, only one of which, however, will be considered. It is asserted that the charge upon accomplice testimony is erroneous. Timely exception was presented thereto, one particular objection being to the use of the word "alone" as intimating that the accomplice testimony only might be sufficient to warrant a conviction, the other objection being that the charge is not a pertinent application of the law of accomplice testimony under the facts of this case. Upon original submission the importance of this assignment escaped us. The charge criticised is in the following language:

"You are charged that the witness, J. H. Estes, is an accomplice. Now, you can not convict the defendant upon his testimony alone, unless you first believe that his testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of the accomplice's testimony, tending to connect the defendant with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense."

In lieu of the charge given the following special charge was requested and refused:

"A conviction cannot be had upon the testimony of an accomplice unless the jury first believe that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission. You are charged that the witness J. H. Estes was an accomplice, if any offense was committed, and you are instructed that you can not find the defendant guilty upon his testimony unless you first believe that the testimony of said Estes is true and that it shows the defendant is guilty as charged in the indictment; and even then you can not convict the defendant unless you further believe that there is other evidence in the case, outside the evidence of the said Estes, tending to connect the

defendant with the commission of the offense charged in the indictment, and then from all the evidence, you must believe beyond a reasonable doubt that the defendant is guilty."

The requested charge was evidently copied from Brown v. State, 57 Texas Crim. Rep., 570, 124 S. W., 101, as the language is identical. Where appropriate, (that is, where the accomplice testimony, if true, does show a completed offense, and defendant's guilt thereof) the charge approved in the Brown case (supra) has never been criticised so far as we know. The concluding words in that charge, "and then from all the evidence, you must believe beyond a reasonable doubt that the defendant is guilty," was appropriate and should have been included in the charge in the instant case, but both the charge given and the one refused are in our judgment defective and misleading wherein they tell the jury that they can not convict upon the testimony of the accomplice Estes unless they believe his testimony is true, and "that it shows the defendant is guilty as charged in the indictment." Before discussing this particular phase of the charge we advert to the criticism for using the word "alone." A charge upon accomplice testimony should never be so framed as to intimate to the jury that under any circumstances a conviction may be had solely upon the testimony of an accomplice, for as was said in Abbot's case, 94 Texas Crim. Rep., 31; 250 S. W., 188:

"It is plain that the jury should never be told that they could convict on the testimony of an accomplice alone, for this is just what they can not do under our statute." (Art. 801, C. C. P.)

The use of the word "alone" in a charge upon this subject is not proper but rather the avoidance of its use is recommended.

The charge criticised tells the jury that they can not convict upon Estes' testimony *alone,* unless the jury first believe that his testimony is true and shows that the defendant is guilty as charged, etc. The applicability of this instruction can only be measured by the facts in this particular case. Estes had testified that he and appellant had entered into an agreement to rob C. Roddy; that they had attempted to do so so one or two occasions but had failed to meet him; that on Thursday night, December 22, 1921 they went to his house where they waited until he and his son drove up their car; that he (Estes) held a gun on the son when he stepped out of the car, and that appellant presented his gun on C. Roody who commenced to holloa; that he saw appellant raise his arm as if to strike C. Roddy over the head; that the gun was discharged and that he (Estes) ran; that he did not know whether appellant secured the diamond stud or not; that he never saw appellant any more until Saturday night when appellant denied having obtained it. It will be seen from this statement that Estes did not make out a complete case against appellant because he did not know whether a robbery was in fact effected. His evidence went no further than to make out an attempt

to commit the crime of robbery.  Estes' testimony, if true, fails to show guilt because he does not claim to know whether any robbery was in fact committed.  C. Roddy had known appellant for eight years or more, the latter being a customer of Roddy's; Roody testified that he was hit several times over the head with a pistol and that quite a struggle occurred between him and his assailant over the diamond stud.  He did not attempt to identify appellant, as the robber had on a mask, but only went far enough to say that appellant corresponded in size with the man who assaulted him.  Now under this state of facts let us look to the charge given on accomplice testimony.  The jury may have believed Estes' testimony to be true, and they may also have believed that it showed appellant to be guilty of robbery, but regardless of whether they believed about the matter his evidence fell short of showing that appellant was guilty, because his evidence under the law, does not make out a case of robbery, and yet the jury are instructed that if there is other testimony corroborative of Estes' which *tends* to connect appellant with the offense committed, a conviction might follow.  The corroborative testimony under this charge might *tend* to connect appellant with the commission of the offense just as Estes' testimony might sharply connect him with it and yet there be lacking evidence showing appellant's guilt beyond a reasonable doubt.  The charge in the Oats case, reported in the 67 Texas Crim. Rep., 497, 149 S. W., 1194. eliminating the objectionable word "alone" therefrom, is more applicable in our opinion than the charge used in the present instance.  In the Oats case the accomplice did not testify to a complete offense, but did testify to facts which it was necessary for the State to establish in order to make out the guilt of Oats.  The charge in that case appears to have been framed relative to that particular phase of the evidence.  It also concludes with the same words found in the charge copied from the Brown case (supra).  It is impossible for this court to lay down any form of charge on accomplice testimony which will be appropriate in every instance, as the correctness of a charge must depend upon the facts of the particular case.  So much confusion arose with reference to charges upon this subject that this court at one time attempted to formulate a charge, (See Campbell v. State, 56 Texas Crim. Rep.. 301, 123 S. W., 583) but it was never accepted by the bar as announcing a correct principle of law and has been justly criticised by Mr. Branch on page 363, Section 709 of his Ann. Pen. Code for the reasons there stated by him.  Convictions have been upheld where the charge in the Campbell case was used, but usually for reasons peculiar to that particular case.  See Watson v. State, 90 Texas Crim. Rep., 576, 237 S. W., 298; Walker v. State, 94 Texas Crim. Rep., 653.  For a general discussion of such charges and what they should contain and what should be eliminated therefrom we refer to Stanfield v. State, 87 Texas Crim. Rep., 437, 208 S. W., 538.

We have reached the conclusion on more deliberate consideration that the charge complained of was not appropriate in the present case, and under the facts are not able to say it may not have been hurtful.

The order of affirmance is set aside, the judgment is reversed and the cause remanded.

*Reversed and remanded.*