BRICE COCHRAN v. THE STATE.

No. 16987.   Delivered June 27, 1934.

The opinion states the case.

*Dave Watson,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, twenty-five years in the penitentiary.

The indictment herein charged, among other things, that appellant,—by putting C. L. Mason in fear of life and bodily injury, etc.,—took from Mason one slot machine. Article 1408, P. C., specifically provides that if one puts another in fear of life or bodily injury, and thereby fradulently takes from such other person any property with intent to appropriate the same, he is guilty of robbery. The indictment is good. Mason awore as a witness that appellant did by his words and acts put him in fear of losing his life or suffering bodily injury, and that as a result of such condition appellant took from witness a slot machine. From the standpoint of the State's testimony appellant, in a car with others, drove to a point a little way down the street from the front of Mason's restaurant, in San Antonio. Appellant and Hanretty came into Mason's cafe, and,—representing themselves as officers and making threatening gestures as if to draw a pistol,—took from Mason a slot machine. Mason said he saw no persons other than appellant and the man who came into the cafe with him. Mason's daughter testified that the car in which appellant came up stopped "kind of down the street," but she thought she heard the voices of two ladies talking out there, but did not see them. She and her father positively identified appellant as the man who said he was an officer and who threw his hand to his hip and told his companion to take the machine.

Appellant's defense was an alibi, which was supported by several witnesses. In its rebuttal the State introduced Blanche Morgan who swore that she and appellant's brother were sweethearts; they left Mahan's place on the night in question in a car with appellant and Hanretty; she did not know where they were going; that she had been drinking, and was sitting in the lap of appellant's brother; they stopped at a hamburger stand, and Hanretty got out but presently came back; that they then went and stopped a little way from a cafe, and appellant and Hanretty got out; she did not know what they did, but heard them later put something in the back of the car, but did not know what it was; that they all then went back to Mahan's place where they stayed until late in the night. She further disclosed that at a date not stated officers came and got her and by threatening to file a complaint against her, and by telling her

that they knew appellant was at said cafe that night,—induced her to sign a written statement affirming that appellant was there, and she testified that in truth in fact he was there. In this state of the case the trial court submitted to the jury for their determination whether this woman was an accomplice. In our opinion this course was proper. Appellant excepted to the court's charge for its failure to tell the jury as a matter of law that said woman was an accomplice. We think the court's refusal to so tell the jury was correct.

We find nothing in the record which would have justified the court in determining as a matter of law that said woman was either a principal, accomplice, or an accessory to the alleged crime.

There are several exceptions addressed to the court's charge on accomplice testimony. We quote that part of the charge:

"You are instructed that our law provides that a conviction can not be had upon the testimony of an accomplice unless such testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and that the corroboration is not sufficient if it merely shows the commission of the offense; it must go further and tend to connect the defendant with the commission of said offense. * .* *

"Now, if you believe from the evidence that the witness Blanche Morgan was an accomplice, or you have a reasonable doubt whether she was or not, as that term is defined in the foregoing instructions, you can not convict the defendant upon the testimony of said Blanche Morgan unless you first believe that her said testimony is true, and then no conviction can be had unless you further believe that there is other testimony in the case outside of, other than, and independent of, and corroborative of the testimony of said Blanche Morgan which tends to connect the defendant with the commission of the offense charged."

An inspection of the first quoted paragraph makes manifest that it erroneously told the jury in effect that a conviction could be had on the testimony of an accomplice if such accomplice be corroborated by some other evidence tending to connect the accused with the offense charged.

This would be wrong,—as a correct statement of the law in every case, and especially wrong in a case on facts like those before us, wherein two State witnesses testified to the fact that appellant committed the alleged robbery,—and the only witness who could be deemed in any event an accomplice, merely testified to the fact of appellant's present at or near the robbery on

that occasion, but who said she did not see the parties at the time of the alleged robbery, and could not because she was in a car out on a street at a point where she could not see in the building.

If the testimony of an accomplice be to such state of facts as, if true and sufficiently corroborated, would establish the guilt of the accused, a charge such as was approved in Stanfield v. State, 84 Texas Crim. Rep., 437, might be proper.

We have often commended the charge given in Oates v. State, 67 Texas Crim. Rep., 488, and Brown v. State, 57 Texas Crim. Rep., 570, and here take occasion to do so again.

Looking to the other quoted paragraph of the charge, we observe that it is equally wrong and inapplicable to the facts. Blanche Morgan,—the only witness in the case who could in any event be an accomplice,—did not testify to a state of facts which, if true, made out a case against this appellant, and it would be error for the court to tell the jury that they could convict this appellant on her testimony if they believed it to be true,—if they further believed that other testimony in the case tended to connect appellant with the offense charged. The testimony of this witness, if understood, even though admittedly true, would not make out a case against the appellant, and, therefore, would not warrant or support a charge that he should be convicted simply and if there be in the case some other testimony "tending to connect him with the offense."

In the case before us it is evident that the State's reliance was not on testimony of the accomplice to make out its case against appellant, but that the State relied on the testimony of Mason and his daughter, neither of whom were accomplices, and both of whom were eye-witnesses and positively identified appellant. We can not hold the giving of the charge above quoted harmless error, because in same the jury were expressly authorized to convict this appellant upon a state of facts which, if true, would not warrant his conviction. If such charge had not been given, the jury might have accepted appellant's theory of alibi.

For the errors in the charge the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

MORROW, PRESIDING JUDGE (Concurring).—Concurring in the reversal of the judgment of conviction, the writer is not fully satisfied that Blanche Morgan was not an accomplice witness as a matter of law. Among the authorities which are re-

garded as bearing upon the subject is Luck v. State, 67 S. W. (2d) 302.

The writer has no hesitancy in concurring in the reversal of the judgment of conviction for the fault in the charge stated in the foregoing opinion written by Judge Lattimore.