## SAM QUINN V. THE STATE.

No. 19908.   Delivered November 30, 1938.
Rehearing Denied January 25, 1939.

The opinion states the case.

*Floyd Jones,* of Breckenridge, and *J. B. Dibrell, Jr.,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for two years.

The state relied largely upon the testimony of an accomplice witness. The corroborative evidence is meagerly sufficient. However, the testimony of the accomplice went further than to connect appellant with the commission of the offense, and, if believed, showed appellant's guilt. In submitting an instruction on the subject of accomplice testimony the court advised the jury that they could not convict appellant on the testimony of the accomplice *alone* unless they first believed that his testimony was true and *connected* appellant with the offense charged. Continuing the charge, the court required the jury to believe that there was testimony corroborative of the testimony of the accomplice tending to connect the appellant with the offense charged. In connection with said charge, the court failed to require the jury to believe from all of the evidence beyond a reasonable doubt that appellant was guilty. Appellant timely and properly excepted to the charge. The court was in error in using the word "alone." Under the facts, the charge is erroneous in advising the jury that they must believe that the testimony of the accomplice connected the appellant with the commission of the offense. The court should have required the jury to believe that the testimony of the accomplice showed the appellant to be guilty of the offense. Again, the jury should have been required, in connection with the charge on the testimony of the accomplice, to find from all of the evidence beyond a reasonable doubt that the appellant was guilty. In view of the matters mentioned, we are constrained to hold that reversible error is presented. See Grant v. State, 132 S. W. 350.

It is shown in bill of exception No. 1 that after the offense had been committed an officer went to appellant's place of busi-

ness in an effort to secure certain checks which furnished incriminating evidence. Appellant was not present, and, according to the testimony of the officer, he asked appellant's partner for the checks and was unable to secure them. We think this testimony was inadmissible. As to appellant, it was hearsay.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Through the District Attorney the State has filed a motion for rehearing, the effect of which is to urge that inaccuracies in charge on accomplice testimony should be held harmless. The jury should never be told ·directly or by inference that they could convict upon the testimony of the accomplice witness *"alone,"* for under no circumstances can that be done under Art. 718 C. C. P. See Abbott v. State, 94 Tex. Cr. R. 31, 250 S. W. 188; Henderson v. State, 97 Tex. Cr. R. 247, 260 S. W. 868. Under the facts in some cases we have held the presence of the objectionable word harmless, but have always suggested that it be omitted. Notwithstanding our repeated expressions on the subject the objectionable word continues to be found with distressing frequency. Where the jury are told that if they believe the testimony of the accomplice witness is true and that it *shows the guilt* of the accused, it may not be indispensable to conclude the charge on the subject by telling the jury that *they must believe from all of the evidence beyond a reasonable doubt that the accused was guilty.* We suggest, however, that it is always safer to so tell them in connection with the charge on accomplice testimony for the reason that the trial court might believe the evidence of the accomplice witness, if true, made out a complete case, but in event the appellate court took a different view of it the omission of the italicized words would at least furnish debatable ground. In Spears v. State, 102 Tex. Cr. R. 86, 277 S. W. 142, is found the following statement.

"We have suggested before that in connection with a proper charge on accomplice testimony *it is well for the court in every case* to instruct the jury that they must believe from all the evidence that the accused is guilty beyond a reasonable doubt."

Where the trial judge instructs the jury that if they believe

the testimony of the accomplice witness is true and *that it connects* the defendant with the offense charged, and that the testimony of the non-accomplice witnesses *tends* to connect him with the commission of said offense it would not be the law to authorize a conviction unless the jury did believe from all the evidence beyond a reasonable doubt that the defendant was guilty. The reason is clear. Evidence of the accomplice witness might connect accused in some way with the offense but not as a principal in its commission, or might fall short of making a complete case, and if evidence of the non-accomplice witnesses only tended to connect accused with the commission of the offense certainly no conviction would be supported.

We call attention to another matter in the charge on accomplice testimony found in the present record which it might be well to avoid on another trial. This was not adverted to in our original opinion. The testimony of the non-accomplice witnesses must tend to connect accused with the *commission* of the offense charged, not merely with the offense.

Where the testimony of the accomplice witness does not make out a complete case, or where the trial court chooses to submit the issue in the form found in the instant case we refer to the charge found in Oats v. State, 67 Tex. Cr. R. 488, 149 S. W. 1194, as an approved instruction, *omitting* therefrom the objectionable word *"alone,"* the use of which was criticised in later opinions. With such omission the charge has been many times approved and never criticised except as indicated.

Where the testimony of the accomplice witness makes out a complete case we again refer to Brown v. State, 57 Tex. Cr. R. 570, 124 S. W. 101; as containing a charge on accomplice testimony which has never been criticised in any later opinion, and has been many times expressly approved. In the desire to be helpful in future trials where it may be necessary to instruct on the issue of accomplice testimony we bring forward here the charge in Brown's case (supra).

"A conviction cannot be had upon the testimony of an accomplice unless the jury first believe that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission. You are charged that R. E. Adams was an accomplice, if any offense was committed, and you are instructed that you cannot find the defendant guilty upon his

testimony unless you first believe that the testimony of said Adams is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant unless you further believe that there is other evidence in the case, outside of the evidence of said Adams, tending to connect the defendant with the commission of the offense charged in the indictment, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty."

The foregoing charge has found express approval in the following cases, as well as others not mentioned. Jordan v. State, 62 Tex. Cr. R. 388, 137 S. W. 114; Pace v. State, 69 Tex. Cr. R. 27, 153 S. W. 132; Perry v. State, 69 Tex. Cr. R. 644, 155 S. W. 263; James v. State, 74 Tex. Cr. R. 139, 167 S. W. 727; McCue v. State, 75 Tex. Cr. R. 137, 170 S. W. 280; Ice v. State, 84 Tex. Cr. R. 509, 208 S. W. 343; Watson v. State, 90 Tex. Cr. R. 576, 237 S. W. 298; Moore v. State, 91 Tex. Cr. R. 100, 237 S. W. 938; Newton v. State, 94 Tex. Cr. R. 382, 251 S. W. 241; Walker v. State, 94 Tex. Cr. R. 653, 252 S. W. 543; Henderson v. State, 97 Tex. Cr. R. 247, 260 S. W. 868; Stovall v. State, 104 Tex. Cr. R. 210, 283 S. W. 850; Cochran v. State, 126 Tex. Cr. R. 568, 73 S. W. (2d) 532.

As supporting the claim that the charge here given should not be held reversibly erroneous we are cited to Jones v. State, 133 Tex. Cr. R. 322, 110 S. W. (2d) 571. It is apparent from the opinion in that case that the mind of the writer thereof was upon a particular objection which had been urged against the charge. There the court told the jury if the testimony of the accomplice witness was *true* and the testimony of the non-accomplice witnesses tended to connect accused with the commission of the offense charged it was sufficient. Of course, that was not the law. The testimony of the accomplice witness might be absolutely true and yet not have shown that accused was guilty or that he was even connected with the commission of the crime charged. See Standfield v. State, 84 Tex. Cr. R. 437, 208 S. W. 532. This feature of the charge escaped our attention. We should not have said that the charge appearing in the opinion was an "approved form," and that part of the opinion in said Jones case is expressly overruled.

The State cites Walker v. State, 104 Tex. Cr. R. 26, 282 S. W. 245, as supporting the contention that the charge here complained of was harmless. The charge there given required that the corroborating evidence tend to connect accused with the *commission* of the offense and not merely with the offense,

as was here done. The same instruction is found in Anderson v. State, 95 Tex. Cr. R. 346, 254 S. W. 986, which opinion is quoted from at length in Walker's case (supra). In Abbott v. State, 94 Tex. Cr. R. 31, 250 S. W. 189, a charge quite similar to the one here found was condemned and the reasons therefor stated, but a special charge in Abbott's case saved the situation and prevented a reversal.

It is insisted that the evidence objected to as shown in bill of exception number one was admissible under an exception to the general rule which excludes evidence of acts and declarations of a coconspirator in the absence of the one on trial after the conspiracy has ended. We have examined with interest the following cases. People v. Schmidt, 33 Cal. App. 426, 165 Pac. 555; State v. Richmond, 96 Kan. 600, 152 Pac. 644; State v. Strait, (Mo.) 279 S. W. 109. The facts in Richmond's case are nearer in point than in the others mentioned, but with this difference from the instant case. There the original conspiracy seemed to cover not only the commission of the specific crime charged but also contemplated and included changes in books and records, the effect of which was to destroy evidence of the crime and conspiracy. Under the record in the instant case we think the rule stated is not applicable.

The motion for rehearing is overruled.