## COLLIN POWE v. THE STATE.

No. 22604.   Delivered November 10, 1943.

The opinion states the case.

*Grover C. Lowe,* of Woodville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Hog theft is the offense; the punishment, two years' confinement in the State penitentiary.

A black hog, with peculiar head markings, weighing about a hundred pounds, was, while on the open range, stolen from Sheffield, the owner. A few days following the theft, the sheriff, by and with the consent of appellant's wife, appellant being absent, made a search of appellant's home, and found therein some fresh pork or hog meat, concerning which the sheriff testified: "I found a piece here, a piece there, and finally found a whole hog scattered around. It had been skinned. It was in different places in the room in the kitchen, all of it in the kitchen,— some of it in what I believe they call a safe, some in a box under a table. I don't remember exactly how it was, but it wasn't all together. I found practically all the hog." Some 75 yards

from appellant's house, in a pine sapling thicket, there were found the head, feet, hide, and entrails of the stolen hog, which had been recently buried in a five-gallon oil can.

While the sheriff was making the search of the home, Ira Powe, who was the brother of and lived with appellant, came into the house. He then claimed that the meat the sheriff had found was his, saying that he had bought the hog from a Mr. Fort. Ira Powe was placed under arrest; and, after being questioned by the officers, he changed his statement relative to the meat so found being his, and told them that the appellant had killed the hog and that he (Ira Powe) had helped skin it. Later, Ira Powe made a written confession, in which he reiterated his statement that appellant was the one who killed the hog. Appellant was not present when the statement or confession of Ira Powe implicating him with the theft of the hog was made. The State introduced, as original testimony, the oral statement Ira Powe made to the officers, as well as the confession, without any objection by the appellant.

Ira Powe was separately indicted for the theft of the hog. The indictment was offered in evidence by the appellant. Whether or not Ira Powe had been tried thereon is not shown.

Appellant's wife testified that the meat found by the sheriff was brought there by Ira Powe, while and at a time when appellant was away from home, and that appellant had nothing to do with the meat's being brought to his house by Ira Powe.

Appellant, testifying as a witness in his own behalf, denied the theft of the hog, and denied being in any way connected with the meat found at his home. He said that his first and only information relative thereto was that the meat had been brought there by Ira Powe.

Inasmuch as the trial court charged that Ira Powe was an accomplice witness as a matter of law, and required corroboration of his testimony in order for the jury to convict the appellant, we assume, in the absence of anything in the record to the contrary, that the State and appellant treated Ira Powe's oral statement and written confession implicating the appellant with the theft of the hog as testimony of an accomplice witness.

The sufficiency of the evidence to support the conviction is challenged, as is also the correctness of the charge on accomplice testimony.

For appellant to be guilty, he must have been criminally connected with the theft of the hog while it was alive. Theft of a dead hog or meat is not an offense within the meaning of Art. 1441, P. C., which makes it a felony to steal a hog.

For a conviction, the State relies, primarily, upon the hearsay and unsworn declarations of an accomplice, because this is the only testimony directly connecting appellant with the taking or killing of the hog.

It is to be noted that, in this case, there is an entire absence of any testimony showing or tending to show that the meat found in appellant's house was that of the stolen hog. We recognize the difficulty necessarily arising in identifying meat as being that of a particular animal; but, nevertheless, if the State relies upon possession by appellant of meat of the stolen hog, as a circumstance of guilt, and as corroborating the accomplice, it must so show. Such fact cannot be presumed against the appellant by the mere fact that hog meat was found in his home. Moreover, there is no testimony that the oil can, in which the head, hide, feet, and entrails were buried, belonged to appellant; nor that it had previously been in his possession; nor that tracks from appellant's residence or premises led to the place where the can was buried.

In the light of the record as a whole, we are unable to find any testimony sufficient to corroborate the accomplice. The facts are, therefore, insufficient to support the conviction.

If, upon another trial, the State's case depends, in any manner, upon the testimony of an accomplice, the charge of the court upon the subject of corroboration of the testimony of an accomplice should follow the form approved in Quinn v. State, 136 Tex. Cr. R. 131, 123 S. W. (2d) 890.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.